# Exhibit 1

**12-Person Jury**

Return Date: No return date scheduled
Hearing Date: 12/16/2019 10:00 AM - 10:00 AM
Courtroom Number: 2302
Location: District 1 Court
Cook County, IL

FILED 6218776
8/16/2019 3:26 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH09511

FILED DATE: 8/16/2019 3:26 PM 2019CH09511

## CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

ZACHARY VERGARA, individually and on )
behalf of a class of similarly situated individuals, )
                            )   No.  **2019CH09511**
        *Plaintiff,* )
                            )
        v.                  )
                            )
NINTENDO OF AMERICA, INC., a )
Washington corporation, )
            *Defendant.* )

## CLASS ACTION COMPLAINT

    1.    Plaintiff Zachary Vergara brings this Class Action Complaint and Demand for Jury Trial against Nintendo of America, Inc. ("Defendant" or "Nintendo") on his own behalf, and on behalf of a class of individuals who purchased Defendant's Nintendo Switch game system ("Switch") and Joy-Con controllers ("Controllers"), to seek redress for Defendant's sale of defective products.

    2.    Nintendo's Switch Controllers contain a defect that causes the joystick to activate or drift on its own without the user actually manipulating the joystick (the "Joystick Defect"). Manual operation of the Controllers is part of the Switch's, and other video game consoles', core functionality. The Joystick Defect affects the video game play of the Switch and compromises the core functionality and overall usage of the Controllers and the Switch gaming console.

    3.    On behalf of himself and the proposed class of individuals who purchased Defendant's Switch and/or Controllers, Plaintiff seeks damages, restitution and injunctive relief against Defendant for selling products that are defective and for the misrepresentations and omissions of facts it made to consumers. Plaintiff, for his Class Action Complaint, alleges as

FILED DATE: 8/16/2019 3:26 PM   2019CH09511

follows upon personal knowledge as to himself and his own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

4.      Defendant is a leading producer and manufacturer of video game consoles, controllers, and games sold throughout the country.

5.      The Nintendo Switch is one of Defendant's products that was released in March 2017. Defendant manufactures, markets, and sells the Switch and its Controllers.

6.      Defendant, who was in control of all operations regarding the Switch and its Controllers, was aware of the Joystick Defect through online consumer complaints, and through its own pre-release testing. Owners of Switch consoles have voiced their complaints to Nintendo dating as far back as 2017. However, despite its knowledge of the Joystick Defect, Defendant failed to, and continues to fail to, disclose the defect to consumers prior to them purchasing its Switch and Controllers, nor has Defendant taken any substantial action to remedy the problem.

7.      The Joystick Defect is a material defect, hindering overall usage of the Controllers and the Switch console itself, which deprives consumers of their expected use of the products.

8.      As a result of Defendant's unfair, deceptive, and/or fraudulent business practices, consumers who purchased the Switch and/or its Controllers have suffered an ascertainable loss of money and property value. The Joystick Defect has caused Plaintiff and the proposed Class and Subclass to incur damages, including monies spent on purchase of the defective Switch products that they would not have otherwise bought and monetary costs associated with attempting to repair or replace the Switch game consoles' Controllers.

2

FILED DATE: 8/16/2019 3:26 PM    2019CH09511

9.      Plaintiff brings this action on behalf of himself and other similarly situated consumers in Illinois and elsewhere nationwide, to obtain redress for those who purchased Defendant's Switch and/or Controllers.

## PARTIES

10.     Plaintiff Zachary Vergara is a natural person and a citizen of Illinois.

11.     Defendant Nintendo of America, Inc. is a Washington corporation with its principal place of business located in Redmond, WA. Defendant is registered to do business in Illinois and produces video game consoles, controllers, and games that are sold in Illinois, and elsewhere throughout the nation. Defendant advertises and sells its products, including the Switch and its Controllers, to thousands of consumers in Illinois and elsewhere across the country.

## VENUE AND JURISDICTION

12.     Venue is proper in Cook County under 735 ILCS 5/2-101, because Defendant conducts business in Cook County, Defendant is registered to and conducts business in Cook County, and because the transaction out of which this cause of action arises occurred in Cook County, as Plaintiff purchased the defective products at issue in Cook County. This Court may assert personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 and in accordance with the Illinois Constitution and the Constitution of the United States, because Defendant transacts business within this state.

## COMMON FACTUAL ALLEGATIONS

13.     Defendant is a producer and manufacturer of video game consoles, controllers, and games that are sold across Illinois, and elsewhere throughout the country.

14.     Defendant's Nintendo Switch video game console was released in March 3, 2017. The Switch is a hybrid console which means it can be used as both a stationary device that displays

3

FILED DATE: 8/16/2019 3:26 PM    2019CH09511

the video game on a television screen, similar to traditional game consoles, or as a portable device with its own built-in screen for playing games anywhere.

15.     The Switch's wireless Controllers (shown below) can operate as two separate Controllers, a left and a right, or they can be connected with a either a screen or grip accessory to function like a traditional controller similar to the controllers produced for Xbox and PlayStation console systems. The Controllers include standard buttons, directional analog joysticks (outlined below), motion sensing, and tactile feedback.



16.     The Joystick Defect exists in the directional analog joysticks. Specifically, the analog stick will falsely register user input, or "drift", on its own without the user actually manipulating the joysticks. This results in the gameplay being affected as if the user had activated the directional analog joystick when they in fact have not.

4

FILED DATE: 8/16/2019 3:26 PM 2019CH09511

17.    The Joystick Defect significantly interferes with the user's gameplay and enjoyment of the Switch console since the entire purpose of the directional analog stick is to control the action of the video game. The Controllers' inability to accurately register the user's input on the directional analog joystick is a material defect which substantially devalues the entire Switch product.

18.    The Nintendo Switch consoles purchased by Plaintiff and by many other users have exhibited this problem with their Controllers. Indeed, internet complaints by consumers about the Joystick Defect date back to 2017 on forums that are monitored by Nintendo. The ensuing comments are a few examples of complaints submitted directly to Nintendo's support forums dealing with the Joystick Defect:

1) Matt Ryan (02/08/2018) **Right Joy-Con analog stick drifting**

"This problem happen about a week ago where the right analog for the joycon would made my camera go down in a lot of game or keep braking in Mario Kart. I'm not sure if my controller needs updating or something or the controller has a hardware problem. I've also been taking care of it, haven't dropped it or anything…"[1]

2) Herrmann (04/09/2018) **Problem with right joy-con analog stick**

"The analog stick on my right joycon will often move straight down on the Switch home menu or in game without any input, this is corrected when I just move it around a little but it happens enough to hinder me in games such as Splatoon 2. Any known solutions to this issue?"[2]

3) Gilan101 (07/03/2018) **Left Joy-Con Analog Stick keeps drifting**

"The analog stick on my left joycon keeps drifting, usually to the left, but sometimes to the right…I've attempted to recalibrate the left analog stick, but I can't, because it never thinks it's in the neutral position, so it never moves past the first 'release' screen."[3]

---

[1] https://en-americas-support.nintendo.com/app/social/questions/detail/qid/72443/kw/joy-con%20analog
[2] https://en-americas-support.nintendo.com/app/social/questions/detail/qid/73199/kw/joy-con%20analog
[3] https://en-americas-support.nintendo.com/app/social/questions/detail/qid/74214/kw/joy-con%20analog

FILED DATE: 8/16/2019 3:26 PM   2019CH09511

4) Roland (08/24/2017) **Left joy con**

"My left joy con's control stick is acting weird. It takes a while for the switch to register it being pushed up or down, I rested it to factory settings yet it still does this. And this hinders most in splatoon cuz it refuses to move backwards. And sometimes it regiters it going up even tho im not touchin the control stick."[4]

19.     These complaints, and many other similar ones regarding the Joystick Defect, are numerous can be found on many different forums throughout the internet.

20.     However, Nintendo, who monitors its own support forums and has been long aware of the Joystick Defect, has not taken any measures to fix the issue with the Switch's Controllers. Additionally, Defendant refuses to disclose the problem to consumers prior to their purchase of the Switch and/or its Controllers.

21.     As a result, owners of the Switch and the accompanying Controllers are forced to either send their Controllers to Defendant and pay for them to be repaired, purchase a self-repair kit and fix the problem themselves, or replace the Controllers altogether. Accordingly, owners of Defendant's Switch console have suffered monetary losses as a result of the Joystick Defect.

22.     The Nintendo Switch can be purchased for approximately $327.00, and which includes two of the Controllers. The Controllers can also be purchased separately for approximately $75.99 for the pair, or $49.99 individually.

23.     Because of Defendant's actions, Switch owners have suffered damages for loss of use of their Switch and Controllers, loss of property value, and loss of time and expense trying to fix the problem themselves or by contacting Defendant for support.

---

[4] https://en-americas-support.nintendo.com/app/social/questions/detail/qid/70002/kw/joy-con%20drifting

FILED DATE: 8/16/2019 3:26 PM   2019CH09511

## FACTS SPECIFIC TO PLAINTIFF

24.     In November 2017, Plaintiff purchased a Nintendo Switch from a Best Buy store located in Chicago, Illinois which included the Switch video game console and the Controllers.

25.     Approximately 14 months after his purchase, Plaintiff's Swtich began experiencing the Joystick Defect, with the controller input drifting in the left Joy-Con Controller. The drifting interfered with Plaintiff's ability to play his Switch console and the controller eventually became unusable for gameplay.

26.     As a result of the Joystick Defect, the left Joy-Con Controller had to be replaced with a replacement controller from a third-party, which cost $19.99.

27.     However, shortly after replacing the left Joy-Con Controller, the right Joy-Con Controller started to exhibit the same Joystick Defect that made the left Joy-Con Controller unusable.

28.     Because the drifting was a persistent problem with Plaintiff's Controllers, Plaintiff had to have his Controllers disassembled and so that two replacement directional analog joysticks could be installed, which cost $14.99.

29.     Plaintiff and the other members of the Class were led to believe, based on representations made through Defendant's advertising and product packaging, that the Switch game consoles, and the included Controllers that they purchased were new, fully functional, and free from any defects that would interfere with their ability to use the Switch and its Controllers for its intended use as a video game console.

30.     Plaintiff and the other members of the Class were deceived and/or misled by Defendant's misrepresentations regarding the quality and functionality of the Switch and the

FILED DATE: 8/16/2019 3:26 PM    2019CH09511

Controllers which they purchased. These misrepresentations, and omissions, were a material factor that influenced Plaintiff's and the other Class members' decisions to purchase Defendant's Switch console and the Controllers that it came with.

31.    At the time Plaintiff purchased the Nintendo Switch, he was unaware of the Joystick Defect, nor did Nintendo disclose this material defect despite its knowledge of the issue. Had Plaintiff known about the defect prior to his purchase, he would not have purchased the Switch counsel or would have paid substantially less for it.

32.    As a result, Plaintiff and the other members of the Class have been damaged by their purchases of Defendant's Nintendo Switch and Controllers.

33.    Defendant has received significant profits from the sale of its defective video game products.

## CLASS ACTION ALLEGATIONS

34.    Plaintiff brings this action on behalf of himself and a nationwide class (the "Class"), with one subclass (the "Subclass") defined as follows:

(i)    The Class: All persons in the United States who, within the applicable statute of limitations, purchased Defendant's Nintendo Switch or Controllers in the United States.

(ii)    The Subclass: All persons in the United States who, within the applicable statute of limitations, purchased Defendant's Nintendo Switch or Controllers in Illinois.

35.    Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class and Subclass. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to

FILED DATE: 8/16/2019 3:26 PM   2019CH09511

vigorously prosecuting this action on behalf of the other members of the Class and Subclass and have the financial resources to do so. Neither Plaintiff nor his counsel have any interest adverse to those of the other members of the Class and Subclass.

36.     Absent a class action, most members of the Class and Subclass would find the cost of litigating their claims to be prohibitive and would have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

37.     Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class and Subclass, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and Subclass, and making injunctive or corresponding declaratory relief appropriate for the Class and Subclass as a whole.

38.     The factual and legal bases of Defendant's liability to Plaintiff and to the other members of the Class and Subclass are the same, resulting in injury to the Plaintiff and to all of the other members of the Class and Subclass. Plaintiff and the other members of the Class and Subclass have all suffered harm and damages as a result of Defendant's unlawful and wrongful conduct.

39.     Upon information and belief, there are thousands, if not millions, of members of the Class and Subclass such that joinder of all members is impracticable.

40.     There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class and Subclass, and those questions predominate over any questions that

may affect individual members of the Class and Subclass. Common questions for the Class and Subclass include, but are not limited to, the following:

(a)   Whether Defendant engaged in the unlawful conduct alleged herein;

(b)   Whether Defendant's Joy-Con Controllers are defective;

(c)   Whether Defendant knew of the Joystick Defect when marketing the Switch and its Controllers to consumers;

(d)   Whether Defendant knowingly failed to disclose the Joystick Defect and the cause of the defect;

(e)   Whether Defendant's conduct violated the Illinois Consumer Fraud Act and other such similar statutes;

(f)   Whether as a result of Defendant's nondisclosure of material facts, and loss of functionality of its Controllers, Plaintiff and the other members of the Class and Subclass have suffered ascertainable monetary losses;

(g)   Whether Plaintiff and the other members of the Class and Subclass are entitled to monetary, restitutionary or other remedies, and, if so, the nature of such remedies; and

(h)   Whether Defendant should be enjoined from continuing to engage in such conduct.

## COUNT I
### For Violations of Consumer Protection Laws
### (on behalf of the Class and the Subclass)

41.   Plaintiff hereby incorporates the above allegations by reference as though fully set forth herein.

42.   The Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.* ("ICFA"), as well as other materially identical consumer fraud statutes enacted by states throughout the country, prohibit deceptive acts, suppression or omission of any material fact, and unlawful practices in the sale of products such as Defendant's Switch and its Controllers.

43.   Plaintiff and the other members of the Class and Subclass are "consumers" or "persons," as defined under the ICFA and other states' consumer protection laws.

10

FILED DATE: 8/16/2019 3:26 PM   2019CH09511

44.     Defendant's conduct as alleged herein occurred in the course of trade or commerce.

45.     Defendant represented through its advertising and product packaging that the Switch game console, and the included Controllers, were fully functional and free from any defects that would interfere with the user's ability to use the Switch and its Controllers as a video game console.

46.     Defendant's actions of misrepresenting that its Switch and Controllers were of high quality and functionality and omitting that they in fact contained the Joystick Defect, has caused and continues to cause substantial injury to consumers, and constitutes an unfair and deceptive trade practice.

47.     Upon information and belief, and given the fact that Defendant produces, manufactures, and markets all of its video game products, Defendant knew or should have known at all relevant times that its Controllers contained the Joystick Defect, and were not of high quality and functionality as represented and advertised by Defendant. However, Defendant nonetheless continued to advertise and sell its Controllers using such misrepresentations and omitted material facts about the defect to consumers.

48.     Defendant intended for consumers to rely on its misrepresentations and omissions of material facts regarding the Controllers when choosing to purchase its products. Video game controllers are a core element of Defendant's, and other competitors' such as X-box and PlayStation, products, and are specifically marketed and sold based on representations about their quality and functionality. Consumers rely on such representations to make an informed decision as to whether they should purchase a product from Nintendo or one of its competitors.

49.     Plaintiff and the other members of the Class and Subclass did reasonably rely on Defendant's misrepresentations and omissions of material fact in choosing to purchase

FILED DATE: 8/16/2019 3:26 PM    2019CH09511

Defendant's Switch and Controllers, and would not have purchased Defendant's products, or would have paid materially less for them, had Defendant not misrepresented the product or disclosed its Joystick Defect.

50.     As a direct and proximate cause of Defendant's deceptive and unfair trade practices, Plaintiff and the other members of the Class and Subclass suffered actual damages, including monetary losses for the purchase price of, as well as funds spent to fix or replace, the Switch and accompanying Controllers.

51.     Defendant's conduct is in violation of the ICFA and other states' consumer protection laws, and pursuant to 815 ILCS 505/10a and other such states' consumer protection laws, Plaintiff and the other members of the Class and Subclass are entitled to damages in an amount to be proven at trial, reasonable attorney's fees, injunctive relief prohibiting Defendant's unfair and deceptive practices going forward, and any other penalties or awards that may be appropriate under applicable law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the Class and Subclass, prays for the following relief:

1.     An order certifying the Class and Subclass as defined above;

2.     An award of actual or compensatory damages;

3.     Injunctive relief prohibiting Defendant's unfair and deceptive advertising practices;

4.     An award of reasonable attorney's fees and costs; and

5.     Such further and other relief the Court deems reasonable and just.

FILED DATE: 8/16/2019 3:26 PM   2019CH09511

**COUNT II**
**Breach of Express Warranty**
**(on behalf of the Class and the Subclass)**

52.     Plaintiff hereby incorporates the above allegations by reference as though fully set forth herein.

53.     Defendant, as the marketer, distributor, and manufacturer of the Switch and Controller products purchased by Plaintiff and the other members of the Class and Subclass, is a "merchant" as defined under the Uniform Commercial Code ("UCC"). The Switch and accompanying Controllers are "goods" as defined under the UCC.

54.     Defendant expressly warranted to Plaintiff and the other members of the Class and Subclass that its Switch and Controllers were of high quality and functionality, or at minimum that the products would actually work for their intended purpose as a video game system with controllers that accurately registered user input.

55.     These affirmations of fact and promises regarding the quality and functionality of Defendant's products were part of the basis of the bargain between Defendant and Plaintiff and the other members of the Class and Subclass. Plaintiff and the other members of the Class and Subclass would not have purchased Defendant's products, or would have paid materially less for them, had they known that these affirmations and promises were false.

56.     Defendant breached the express warranties it represented about the quality and functionality of its Switch and Controller products because, as set forth above, the Switch and Controller products purchased by Plaintiff and the other members of the Class and Subclass were not of the same quality and did not function as warranted by Defendant as they did not accurately register user input due to the Joystick Defect.

13

FILED DATE: 8/16/2019 3:26 PM   2019CH09511

57.     As a direct and proximate result of Defendant's breach of its express warranties, Plaintiff and the other Class and Subclass members suffered damages by purchasing Defendant's Switch and Controller products which they would not have otherwise purchased, or would have paid materially less for, had they known that the products were not of the quality and functionality as warranted, as well as monetary damages for any funds spent to fix or replace, the Switch and accompanying Controllers.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the Class and Subclass, prays for the following relief:

1.     An order certifying the Class and Subclass as defined above;

2.     An award of actual or compensatory damages; and

3.     Such further and other relief the Court deems reasonable and just.

### COUNT III
### Breach of Implied Warranty
### (on behalf of the Class and the Subclass)

58.     Plaintiff hereby incorporates the above allegations by reference as though fully set forth herein.

59.     Defendant, as the marketer, distributor, and manufacturer of the Switch and Controller products purchased by Plaintiff and the other members of the Class and Subclass, is a "merchant" as defined under the Uniform Commercial Code ("UCC").

60.     The Switch and Controllers are "goods" as defined under the UCC.

61.     The implied warranty of merchantability is codified in Section 2-314 of the Uniform Commercial Code ("UCC") and requires that goods are fit for the ordinary purposes for which such goods are used.

14

FILED DATE: 8/16/2019 3:26 PM   2019CH09511

62.     Most states' laws provide for enforcement of the implied warranty of merchantability through their adoption of the UCC, including in Illinois pursuant to 810 ILCS 5/2-314, as well as other states where Defendant's Switch and Controller products are sold.

63.     Plaintiff and the other Class and Subclass members purchased Defendant's Switch and Controllers in a consumer transaction.

64.     Defendant's Switch and Controllers were not fit for the ordinary purpose for which such goods are used because the Joystick Defect rendered the Controllers and accompanying Switch counsel inoperable as the Controllers would not accurately record user input.

65.     As a result of Defendant's breach of warranty, Plaintiff and the other Class and Subclass members suffered damages by purchasing Defendant's Switch and Controller products which they would have not purchased, or would have paid materially less for, had they known that the products were not as warranted, as well as monetary damages for any funds spent to fix or replace the Switch and accompanying Controllers.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the Class and Subclass, prays for the following relief:

1.     An order certifying the Class and Subclass as defined above;

2.     An award of actual or compensatory damages; and

3.     Such further and other relief the Court deems reasonable and just.

FILED DATE: 8/16/2019 3:26 PM   2019CH09511

## COUNT IV
### Unjust Enrichment
### (in the alternative to the Second and Third Cause of Action and
### on behalf of the Class and the Subclass)

66.     Plaintiff hereby incorporates the allegations set forth in Paragraphs 1–40 above.

67.     Plaintiff and the other members of the Class and Subclass conferred a benefit on Defendant by purchasing its Switch and Controllers.

68.     It is inequitable and unjust for Defendant to retain the revenues obtained from Plaintiff's and the other Class and Subclass members' purchases of Defendant's Switch and Controllers because Defendant knowingly misrepresented and omitted material facts regarding the qualities and functionality of its products and Plaintiff and the other members of the Class would not have purchased the products that they bought, or would have paid materially less for them, had Defendant not made these misrepresentations or omissions.

69.     Accordingly, because Defendant will be unjustly enriched if it is allowed to retain such funds, Defendant must pay restitution to Plaintiff and the other Class and Subclass members in the amount which Defendant was unjustly enriched by each of their purchases of its products.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the Class and Subclass, prays for the following relief:

1.     An order certifying the Class and Subclass as defined above;

2.     Disgorgement of all funds unjustly retained by Defendant as a result of its unfair and deceptive sales practices; and

3.     Such further and other relief the Court deems reasonable and just.

FILED DATE: 8/16/2019 3:26 PM    2019CH09511

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself and the Class and Subclass, hereby demands a trial by jury on all claims so triable.

Dated: August 16, 2019                          Respectfully submitted,

                                                By: /s/ Eugene Y. Turin

                                                Eugene Y. Turin
                                                **MCGUIRE LAW, P.C.** (firm ID 56618)
                                                55 W. Wacker Drive, 9th Fl.
                                                Chicago, IL 60601
                                                Tel: (312) 893-7002
                                                Fax: (312) 275-7895
                                                eturin@mcgpc.com

                                                *Counsel for Plaintiff and the Putative Class*

17

# Exhibit 2

Return Date: No return date scheduled
Hearing Date: 12/16/2019 10:00 AM - 10:00 AM
Courtroom Number:
Location:

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| Summons - Alias Summons | (06/28/18) CCG 0001 |

FILED
8/16/2019 4:17 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH09511

6220297

FILED DATE: 8/16/2019 4:17 PM  2019CH09511

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

ZACHARY VERGARA

(Name all parties)

v.

NINTENDO OF AMERICA, INC.

c/o CT Corporation System

208 S. LaSalle St., Suite 814
Chicago IL 60604

Case No. 2019-CH-09511

☑ **SUMMONS** ☐ **ALIAS SUMMONS**

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp.**

Witness: _____

8/16/2019 4:17 PM DOROTHY BROWN

Atty. No.: 56618

Atty Name: MCGUIRE LAW, P.C.

Atty. for: Zachary Vergara

Address: 55 W. WACKER DR., 9th Fl.

City: CHICAGO  State: IL

Zip: 60601

Telephone: (312) 893-7002

Primary Email: eturin@mcgpc.com

Secondary Email: _____

Tertiary Email: _____

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person):

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois   cookcountyclerkofcourt.org**

# CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

○ Richard J Daley Center
50 W Washington
Chicago, IL 60602

○ District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

○ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

○ District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

○ District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

○ District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

○ Domestic Violence Court
555 W Harrison
Chicago, IL 60607

○ Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

○ Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

## Daley Center Divisions/Departments

○ Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

◉ Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

FILED DATE: 8/16/2019 4:17 PM   2019CH09511

# Exhibit 3

Return Date: No return date scheduled
Hearing Date: 12/16/2019 10:00 AM - 10:00 AM
Courtroom Number:
Location:

FILED
8/16/2019 4:17 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH09511

6220297

FILED DATE: 8/16/2019 4:17 PM 2019CH09511

## CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| ZACHARY VERGARA, individually and on Behalf of a class of similarly situated individuals, | ) ) ) | |
| *Plaintiff,* | ) ) | No. 2019-CH-09511 |
| v. | ) ) ) | Cal. 10 |
| NINTENDO OF AMERICA, INC., a Washington corporation, | ) ) ) | Hon. Caroline Kate Moreland |
| *Defendant.* | ) | |

### PLAINTIFF'S MOTION FOR CLASS CERTIFICATION OR, ALTERNATIVELY, FOR A DEFERRED CLASS CERTIFICATION RULING PENDING DISCOVERY

Plaintiff, Zachary Vergara, by and through his undersigned counsel, and pursuant to 735 ILCS 5/2-801, moves for entry of an order certifying the Class and Subclass proposed below, appointing Plaintiff as Class Representative, and appointing Plaintiff's attorneys as Class Counsel. Alternatively, Plaintiff requests, to the extent the Court determines further evidence is necessary to prove any element of 735 ILCS 5/2-801, that the Court defer consideration of this Motion pending a reasonable period to complete discovery. *See, e.g., Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 2015 IL 118644, at ¶¶ 42–43 (citing *Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011)). In support of his Motion, Plaintiff submits the following Memorandum of Law.

Dated: August 16, 2019

Respectfully submitted,

ZACHARY VERGARA, individually and on behalf of a class of similarly situated individuals

By: /s/ Eugene Y. Turin

One of Plaintiff's Attorneys

- 1 -

FILED DATE: 8/16/2019 4:17 PM   2019CH09511

Eugene Y. Turin
William P.N. Kingston
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Floor
Chicago, Illinois 60601
Tel: (312) 893-7002
Fax: (312) 275-7895
eturin@mcgpc.com
wkingston@mcgpc.com

*Attorneys for Plaintiff and the Class*

FILED DATE: 8/16/2019 4:17 PM  2019CH09511

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
## MOTION FOR CLASS CERTIFICATION OR, ALTERNATIVELY, FOR
## A DEFERRED CLASS CERTIFICATION RULING PENDING DISCOVERY

This Court should certify a nationwide class and an Illinois subclass of consumers who purchased Defendant, Nintendo of America, Inc.'s ("Defendant" or "Nintendo") Switch products at retail stores located in Illinois and elsewhere throughout the United States. Defendant, a producer of a variety of video gaming products, violated Illinois', and other states', consumer protection laws, and breached various warranties, when it sold its Nintendo Switch video gaming console which contained a defect in the console's controllers. After purchasing one of Defendant's defective Switch consoles, Plaintiff brought suit on behalf of a nationwide class, and an Illinois subclass, alleging violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 502/1 *et seq.* ("ICFA"), as well as breach of express warranty, breach of implied warranty, and unjust enrichment.

### THE ICFA

The ICFA, much like consumer protection laws enacted by other states across the country, "is a regulatory and remedial statute intended to protect consumers, borrowers, and business persons against fraud, unfair methods of competition, and other unfair and deceptive business practices." *Robinson v. Toyota Motor Credit Corp.*, 201 Ill. 2d 403, 416–17 (2002). Under Section 2 of the ICFA, "[u]nfair methods of competition and unfair or deceptive acts or practices . . . in the conduct of any trade or commerce are [] declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2. Because the ICFA is a remedial statute, courts construe it liberally to effectuate its purpose. *Cripe v. Leiter*, 184 Ill. 2d 185, 191 (1998).

- 3 -

As with other states' consumer protection laws, section 10a of the ICFA provides for a private cause of action against parties who commit unfair acts in violation of the ICFA. *Saunders v. Michigan Ave. Nat. Bank*, 278 Ill. App. 3d 307, 313 (1st Dist. 1996). Subsection (a) of Section 10a states that "[a]ny person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person." 815 ILCS 505/10a(a). In determining whether an act is unfair, courts will consider the following factors: "(1) whether the practice offends public policy; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers." *Robinson*, 201 Ill. 2d at 417–18. Where the defendant has acted unfairly, the court may award actual economic damages, injunctive relief, and "reasonable attorney's fees and costs to the prevailing party." 815 ILCS 505/10a(c).

## THE FACTS

### *Nintendo's Products and The Underlying Misconduct*

Defendant is a manufacturer of various video gaming products that are sold in stores in Illinois and elsewhere across the country. Defendant started its video game console business with the original Nintendo, went on to create the Super Nintendo, the Nintendo 64, and the Nintendo Wii, and has finally come to its latest concept, the Nintendo Switch. Since being unveiled, the Switch has become one of the most popular consoles across the nation. However, this latest product from Defendant has an issue or defect with its joystick functionality. This defect causes the joystick to activate or drift on its own without the user actually manipulating the joystick (the "Joystick Defect"). Manual operation of the Controllers is part of the Switch's, and other video game consoles', core functionality. Here, the Joystick Defect affects the video game play of the Switch and compromises the

FILED DATE: 8/16/2019 4:17 PM    2019CH09511

FILED DATE: 8/16/2019 4:17 PM   2019CH09511

core functionality and overall usage of the Controllers and the Switch gaming console. The Joystick Defect is a material defect, hindering the overall usage of the Controllers and the Switch console itself, which deprives consumers of their expected use of the product.

Plaintiff and the other members of the Class and Subclass were deceived and/or misled by Defendant's representations regarding the functionality of the Nintendo products which they purchased. These representations were a material factor that Plaintiff and the other Class and Subclass members relied on when making their decision to purchase Defendant's Nintendo Switch products. Defendant was aware that consumers specifically purchase Nintendo's Switch to be able to play video games and knew that the defect severely hindered any ability to actually play a game and get enjoyment from the Switch console. Additionally, Defendant intended for Plaintiff and the other members of the Class and Subclass to rely on its false and misleading representations that its Switch video game console would function as intended. Plaintiff and the other members of the Class and Subclass incurred damages as a result of Defendant's misconduct. Accordingly, Defendant's conduct is in violation of the ICFA and other common laws, including breach of the express and implied warranties regarding its Nintendo Switch products and their qualities.

***The Proposed Class and Subclass***

Plaintiff brings this action on behalf of himself and a nationwide class (the "Class"), with one subclass (the "Subclass") defined as follows:

1.  The Class: All persons in the United States who, within the applicable statute of limitations, purchased Defendant's Nintendo Switch or Controllers in the United States.

- 5 -

FILED DATE: 8/16/2019 4:17 PM    2019CH09511

2.    The Subclass: All persons in the United States who, within the applicable statute of limitations, purchased Defendant's Nintendo Switch or Controllers in Illinois.

As explained below, the proposed Class and Subclass satisfy each of the four requirements for certification under Section 2-801 of the Illinois Code of Civil Procedure—numerosity, commonality, adequacy of representation, and fair and efficient adjudication. A class action is not just appropriate here, it is also the only way that the members of the putative Class and Subclass can obtain appropriate redress for Defendant's unlawful conduct.

## ARGUMENT

### I.    Standards for Class Certification

To obtain class certification, it is not necessary for a plaintiff to establish that he will prevail on the merits of the action. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) ("[T]he question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." (internal quotation marks and citation omitted)). As such, in determining whether to certify a proposed class, the Court should accept the allegations of the complaint as true. *Ramirez v. Midway Moving & Storage, Inc.*, 378 Ill. App. 3d 51, 53 (1st Dist. 2007).

To proceed with a class action, the movant must satisfy the "prerequisites for the maintenance of a class action" set forth in Section 2-801 of the Illinois Code of Civil Procedure, which provides:

> An action may be maintained as a class action in any court of this State and a party may sue or be sued as a representative party of the class only if the court finds:

FILED DATE: 8/16/2019 4:17 PM   2019CH09511

> (1)    The class is so numerous that joinder of all members is impracticable.
> (2)    There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.
> (3)    The representative parties will fairly and adequately protect the interest of the class.
> (4)    The class action is an appropriate method for the fair and efficient adjudication of the controversy.

735 ILCS 5/2-801. As demonstrated below, each prerequisite is established for the Class and Subclass, and the Court should therefore certify the proposed Class and Subclass.

Section 2-801 is modeled after Rule 23 of the Federal Rules of Civil Procedure and "federal decisions interpreting Rule 23 are persuasive authority with regard to questions of class certification in Illinois." *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill. 2d 100, 125 (2005). Circuit courts have broad discretion in determining whether a proposed class meets the requirement for class certification and ought to err in favor of maintaining class certification. *Ramirez*, 378 Ill. App. 3d at 53. While a court may rule on class certification without requiring further discovery, *see* Manual for Complex Litigation (Fourth) § 21.14, at 255 (2004), courts have found that discovery is helpful prior to addressing a motion for class certification. *See, e.g., Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 2015 IL 118644, at ¶ 42 ("If the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation") (quoting *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011)).

All the prerequisites for class certification are satisfied here, even though Plaintiff has not yet had an opportunity to engage in and complete discovery. However, in the interest of establishing a more fully developed record before ruling on class certification

FILED DATE: 8/16/2019 4:17 PM  2019CH09511

issues, the Court should defer ruling on this Motion pending the completion of discovery and submission of supplemental briefing.

### A. The Requirement of Numerosity Is Satisfied.

The first step in certifying a class is a showing that "the class is so numerous that joinder of all members is impracticable." 735 ILCS 5/2-801(1). This requirement is met when "join[ing] such a large number of plaintiffs in a single suit would render the suit unmanageable and, in contrast, multiple separate claims would be an imposition on the litigants and the courts." *Gordon v. Boden*, 586 N.E.2d 461, 464 (Ill. App. Ct. 1991) (citing *Steinberg v. Chicago Med. Sch.*, 371 N.E.2d 634, 642–43 (Ill. 1977)). To satisfy this requirement a plaintiff need not demonstrate the exact number of class members but must offer a good faith estimate as to the size of the class. *Smith v. Nike Retail Servs., Inc.*, 234 F.R.D. 648, 659 (N.D. Ill. 2006).

Plaintiff alleges that there are thousands, if not millions, of members of the Class and Subclass. (Compl., ¶ 39.) Because definitive evidence of numerosity can only come from the records of Defendant and its agents, it is proper to rely upon the allegations of the Complaint in certifying the Class and Subclass. *See* 2 A. Conte & H. Newberg, Newberg on Class Actions § 7.20, at 66 (stating that where numerosity information is in the sole possession of the party opposing the class, courts generally rely on the complaint as prima facie evidence or defer ruling). In this case, the allegations of the Complaint, in addition to common sense based on Defendant's sales volume and market presence, adequately demonstrate numerosity. *See Hinman v. M & M Rental Center, Inc.*, 545 F. Supp. 2d 802, 806 (N.D. Ill. 2008) (the court "may make common sense assumptions in determining numerosity").

FILED DATE: 8/16/2019 4:17 PM  2019CH09511

Defendant's products are sold in large quantities through national chain-stores such as GameStop, Walmart, and Target that have numerous locations throughout Illinois and across the country, as well as through online retailers such as Amazon. Given the size of Defendant's product distribution, the number of members of the Class and Subclass is almost certainly in the thousands or millions—an amount that more than satisfies the numerosity requirement. *See Kulins v. Malco, A Microdot Co., Inc.*, 459 N.E.2d 1038, 1046 (Ill. App. Ct. 1984) (finding that, in Cook County, 30 class members is sufficient to satisfy numerosity); *Carrao v. Health Care Serv. Corp.,* 454 N.E.2d 781, 789 (Ill. App. Ct. 1983) (allegation in the complaint of over 1,000 class members clearly supports finding that joinder would be impracticable).

Additionally, the members of the putative Class and Subclass can be easily and objectively identified from sales records and/or by allowing class members to submit proofs of purchase. Furthermore, it would be completely impracticable to join the claims of the members of the Class and Subclass because they are disbursed throughout Illinois, and elsewhere throughout the nation, and because absent a class action, few members could afford to bring an individual lawsuit over the amounts at issue in this case, since each individual member's claim is relatively small. *See Gordon,* 586 N.E.2d at 464. Accordingly, the first prerequisite for class certification is met.

**B.    Common Questions of Law and Fact Predominate.**

The second requirement of Section 2-801(2) is met where there are "questions of fact or law common to the class" and those questions "predominate over any questions affecting only individual members." 735 ILCS 5/2-801(2). Such common questions of law or fact exist when the members of the proposed class have been aggrieved by the same

or similar misconduct. *See Miner v. Gillette Co.*, 428 N.E.2d 478, 483 (Ill. 1981); *Steinberg*, 371 N.E.2d at 644–45. These common questions must also predominate over any issues affecting individual class members. *See O-Kay Shoes, Inc. v. Rosewell*, 472 N.E.2d 883, 885–86 (Ill. App. Ct. 1984).

While common issues must predominate, they "need not be exclusive." *Maxwell v. Arrow Fin. Servs., LLC*, No. 03-cv-1995, 2004 WL 719278, at *5 (N.D. Ill. Mar. 31, 2004); *Pleasant v. Risk Mgmt. Alternatives, Inc.*, No. 02-cv-6886, 2003 WL 22175390, at *5 (N.D. Ill. Sept. 19, 2003) (certifying class where "the central factual inquiry will be common to all" the class members); *Kremnitzer v. Cabrera & Rephen, P.C.*, 202 F.R.D. 239, 242 (N.D. Ill. 2001) (finding predominance met where liability is predicated on the same legal theory and the same alleged misconduct). Class certification is proper even if there may be some possibility that "separate proceedings of some character will be required to determine the entitlements of the individual class members to relief." *Carnegie v. Household Int'l Inc.*, 376 F.3d 656, 661 (7th Cir. 2004).

In class actions, courts have frequently found that common legal and factual issues predominate if the class members' claims arise from a common course of conduct involving a defendant who "is alleged to have acted wrongfully in the same basic manner towards an entire class." *Randolph v. Crown Asset Mgmt., LLC*, 254 F.R.D. 513, 520 (N.D. Ill. Dec. 11, 2008); *see Tylka v. Gerber Prods. Co.*, 178 F.R.D. 493, 498–99 (N.D. Ill. March 3, 1998) ("class members were subject to standardized conduct").

Here, the claims of the Class and Subclass members arise out of the same activity by Defendant, are based on the same legal theory, and implicate the following common issues: whether Defendant engaged in the unlawful conduct alleged herein; whether

FILED DATE: 8/16/2019 4:17 PM 2019CH09511

Defendant's Joy-Con Controller is defective; whether Defendant knew of the Joystick Defect when marketing the product to consumers; whether Defendant knowingly failed to disclose the Joystick Defect and the cause of the defect; whether Defendant's conduct violated the Illinois Consumer Fraud Act and other such similar statutes; whether as a result of Defendant's nondisclosure of material facts, and loss of functionality of its Controllers, Plaintiff and the other members of the Class and Subclass have suffered ascertainable monetary losses; whether Plaintiff and the other members of the Class and Subclass are entitled to monetary, restitutionary or other remedies, and, if so, the nature of such remedies; and whether Defendant should be enjoined from continuing to engage in such conduct. (Compl., ¶ 40.)

As alleged, and as will be shown through obtainable evidence, Defendant engaged in a common course of conduct by making false and misleading claims about the functionality of its Nintendo Switch products. *See Tylka v. Gerber Prod. Co.*, 178 F.R.D. 493, 496–98 (N.D. Ill. 1998) (finding commonality and predominance satisfied where the defendant engaged in a common course of conduct by misrepresenting the contents of its baby food products). Any potential individualized issues remaining after common issues are decided would be *de minimis*. Accordingly, common issues of fact and law predominate over any individual issues, and Plaintiff has satisfied this hurdle to certification.

**C.      Adequate Representation.**

The third prong of Section 2-801 requires that "[t]he representative parties will fairly and adequately protect the interest of the class." 735 ILCS 5/2-801(3). The class representative's interests must be generally aligned with those of the class members, and

- 11 -

class counsel must be "qualified, experienced and generally able to conduct the proposed litigation." *See Miner*, 428 N.E.2d at 482; *see also Eshaghi v. Hanley Dawson Cadillac Co., Inc.*, 574 N.E.2d 760, 763 (Ill. App. Ct. 1991). The purpose of this adequacy of representation requirement is "to insure that all Class members will receive proper, efficient, and appropriate protection of their interests in the presentation of the claim." *Purcell & Wardrope Chtd. v. Hertz Corp.*, 530 N.E.2d 994, 1000 (Ill. App. Ct. 1988); *Gordon*, 586 N.E.2d at 466.

In this case, Plaintiff has the same interests as the members of the proposed Class and Subclass. Plaintiff, like all of the other members of the Class and Subclass, purchased Defendant's Nintendo Switch product and has incurred damages as a result. Further, proposed class counsel has regularly engaged in major complex and class action litigation, and has extensive experience in consumer class action lawsuits, including suits alleging violations of the ICFA and breach of warranty claims. (*See* Declaration of Eugene Y. Turin, attached hereto, ¶ 5.) Further, Plaintiff's counsel has been appointed as class counsel in numerous complex consumer class actions. *Id.* Accordingly, the proposed class representative and proposed class counsel will adequately protect the interests of the members of the Class and Subclass, thus satisfying Section 2-801(3).

**D.      Fair and Efficient Adjudication of the Controversy.**

The final requirement for class certification under 5/2-801 is met where "the class action is an appropriate method for the fair and efficient adjudication of the controversy." 735 ILCS 5/2-801(4). "In applying this prerequisite, a court considers whether a class action: (1) can best secure the economies of time, effort and expense, and promote uniformity; or (2) accomplish the other ends of equity and justice that class actions seek to

- 12 -

FILED DATE: 8/16/2019 4:17 PM    2019CH09511

obtain." *Gordon*, 586 N.E.2d at 467. In practice, a "holding that the first three prerequisites of section 2-801 are established makes it evident that the fourth requirement is fulfilled." *Gordon*, 586 N.E.2d at 467; *Purcell & Wardrope Chtd*, 530 N.E.2d at 1001 ("the predominance of common issues [may] make a class action . . . a fair and efficient method to resolve the dispute."). Because numerosity, commonality and predominance, and adequacy of representation have been satisfied in the instant case, it is "evident" that the appropriateness requirement is met as well.

Other considerations further support certification in this case. A "controlling factor in many cases is that the class action is the only practical means for class members to receive redress." *Gordon*, 586 N.E.2d at 467; *Eshaghi*, 574 N.E.2d at 766 ("In a large and impersonal society, class actions are often the last barricade of consumer protection."). A class action is superior to multiple individual actions "where the costs of litigation are high, the likely recovery is limited" and individuals are unlikely to prosecute individual claims absent the cost-sharing efficiencies of a class action. *Maxwell*, 2004 WL 719278, at *6. This is especially true in cases involving false advertising and defective technological goods such as those at issue here, which involves a significant injury to the public as a whole, but also result in many small, individual claims. Here, absent a class action, most members of the Class and Subclass would find the cost of litigating their claims to be prohibitive, and multiple individual actions would be judicially inefficient. *Maxwell*, 2004 WL 719278, at *6.

Certification of the proposed Class and Subclass is necessary to ensure that Defendant ceases manufacturing and marketing defective products, and to compensate those individuals who have suffered damages as a result of purchasing the defective

FILED DATE: 8/16/2019 4:17 PM  2019CH09511

products. Were this case not to proceed on a class-wide basis, it is unlikely that any significant number of members of the Class or Subclass would be able to obtain redress, or that Defendant would willingly change its advertising and labeling policies and/or compensate the members of the Class and Subclass for the damages they have already suffered. Thus, proceeding as a class action here is an appropriate method to fairly and efficiently adjudicate the controversy.

## CONCLUSION

For the reasons discussed above, the requirements of 735 ILCS 5/2-801 are satisfied. Therefore, Plaintiff respectfully requests that the Court enter an order certifying the proposed Class and Subclass, appointing Plaintiff as Class Representative, appointing McGuire Law, P.C. as Class Counsel, and awarding such additional relief as the Court deems reasonable and just. Alternatively, the Court should defer ruling on this Motion pending the completion of appropriate discovery and supplemental briefing.

Dated: August 16, 2019

Respectfully submitted,

ZACHARY VERGARA, individually and on behalf of a class of similarly situated individuals

By: ___/s/ Eugene Y. Turin_____

One of Plaintiff's Attorneys

Eugene Turin
William Kingston
MCGUIRE LAW, P.C. (Firm ID: 56618)
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
eturin@mcgpc.com
wkingston@mcgpc.com

*Attorneys for Plaintiff and the proposed Class*

FILED DATE: 8/16/2019 4:17 PM   2019CH09511

**CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | | |
|---|---|---|
| ZACHARY VERGARA, individually and on Behalf of a class of similarly situated individuals, | ) ) ) | |
| | ) | No. 2019-CH-09511 |
| *Plaintiff,* | ) ) | |
| v. | ) ) | Cal. 10 |
| NINTENDO OF AMERICA, INC., a Washington corporation, | ) ) ) | Hon. Caroline Kate Moreland |
| *Defendant.* | ) ) | |

## <u>DECLARATION OF EUGENE Y. TURIN</u>

I, Eugene Y. Turin, hereby aver, pursuant to 735 ILCS 5/1-109, that I have personal knowledge of all matters set forth herein unless otherwise indicated, and would testify thereto if called as a witness in this matter.

1.      I am an adult over the age of 18 and a resident of the State of Illinois.

2.      I am fully competent to make this Declaration and I do so in support of Plaintiff's Motion for Class Certification or, Alternatively, for a Deferred Class Certification Ruling Pending Discovery.

3.      I am an attorney with the law firm McGuire Law, P.C., I am licensed to practice law in the State of Illinois, and I am one of the attorneys representing the Plaintiff in this matter.

4.      McGuire Law, P.C. is a litigation firm based in Chicago, Illinois that focuses on class action litigation, representing clients in both state and federal trial and appellate courts throughout the country.

5.      The attorneys of McGuire Law, P.C. have regularly engaged in complex litigation on behalf of consumers and have extensive experience prosecuting class action

lawsuits similar in size and complexity to the instant case. McGuire Law attorneys have been appointed as class counsel in numerous complex consumer class actions, and have served as class counsel in many class actions involving claims for false labeling and advertising, as well as violations of consumer protection laws. *See, e.g., Shen et al. v. Distributive Networks, Inc.*, (N.D. Ill. 2007); *McFerren et al v. AT&T Mobility, LLC*, (Sup. Ct. Fulton County, Ga. 2008); *Gray et al v. Mobile Messenger Americas, Inc. et al.,* (S.D. Fla. 2008); *Gresham et al. v. Keppler & Associates, LLC et al.,* (Sup. Ct. Los Angeles County, Cal. 2008); *Weinstein et al v. The Timberland Co., et al.,* (N.D. Ill. 2008); *Sims et al. v. Cellco Partnership et al.,* (N.D. Cal. 2009); *Van Dyke et al v. Media Breakaway, LLC et al.,* (S.D. Fla. 2009); *Paluzzi, et al. v. mBlox, Inc., et al.,* (Cir. Ct. Cook County, Ill. 2009); *Valdez et al v. Sprint Nextel Corporation,* (N.D. Cal. 2009); *Parone et al. v. m-Qube, Inc. et al.,* (Cir. Ct. Cook County, Ill. 2010); *Satterfield et al v. Simon & Schuster*, (N.D. Cal. 2010); *Espinal et al. v. Burger King Corporation et al.,* (S.D. Fla. 2010); *Lozano v. Twentieth Century Fox,* (N.D. Ill. 2011); *Williams et al v. Motricity, Inc. et al.,* (Cir. Ct. Cook County, Ill. 2011); *Walker et al v. OpenMarket, Inc. et al.,* (Cir. Ct. Cook County, Ill. 2011); *Schulken at al. v. Washington Mutual Bank, et al.,* (N.D. Cal. 2011); *In re Citibank HELOC Reduction Litigation,* (N.D. Cal 2012); *Kramer et al v. Autobytel et al.,* (N.D. Cal. 2011); *Rojas et al v. Career Education Co.,* (N.D. Ill. 2012); *Ellison et al. v. Steven Madden, Ltd.* (C.D. Cal. 2013); *Robles et al v. Lucky Brand Dungarees, Inc.* et al., (N.D. Cal. 2013); *Pimental et al. v. Google, Inc. et al.,* (N.D. Cal. 2013); *In re Jiffy Lube Spam Text Litigation,* (S.D. Cal. 2013); *Lee et al. v. Stonebridge Life Ins. Co. et al.,* (N.D. Cal. 2013); *Gomez et al v. Campbell-Ewald Co.,* (C.D. Cal. 2014); *Murray et al. v. Bill Me Later, Inc.,* (N.D. Ill. 2014); *Hooker et al. v. Sirius XM Radio, Inc.* (E.D. Va. 2016); *Seal*

FILED DATE: 8/16/2019 4:17 PM 2019CH09511

- 2 -

FILED DATE: 8/16/2019 4:17 PM 2019CH09511

*et al. v. RCN Telecom Services, LLC*, (Cir. Ct. Cook County, Ill. 2017); *Manouchehri, et al. v. Styles for Less, Inc., et al.*, (S.D. Cal. 2017); *Abramov v. The Home Depot*, (N.D. Ill.); *Guertin et al. v. State of Michigan, et al.*, (E.D. Mich.); *Romaya et al. v. American Honda Motor Co., Inc.*, (C.D. Cal.); *Serrano v. A&M (2015) LLC*, (N.D. Ill.); *Flahive v. Inventurus Knowledge Solutions, Inc.*, (Cit. Ct. Cook County, Ill. 2017); *Vergara et al. v. Uber Technologies, Inc.*, (N.D. Ill. 2018).

6.     I am a graduate of Loyola University Chicago and Loyola University Chicago School of Law. I have been practicing law since 2014 and have been admitted to practice in the Illinois Supreme Court and in several federal courts throughout the country, including the U.S. District Court for the Northern District of Illinois and the United States Court of Appeals for the Seventh Circuit.

7.     McGuire Law, P.C. has diligently investigated the facts and claims in this matter and will continue to diligently investigate and prosecute this matter. McGuire Law, P.C. has also dedicated substantial resources to this matter and will continue to do so. McGuire Law, P.C. has the financial resources necessary to fully prosecute this action through trial and to provide the necessary and appropriate notice to the class members should this proposed class be certified.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 16, 2019, in Chicago, Illinois.

/s/ Eugene Y. Turin
Eugene Y. Turin

**Exhibit 4**

Return Date: No return date scheduled
Hearing Date: 12/16/2019 10:00 AM - 10:00 AM
Courtroom Number:
Location:

FILED
8/16/2019 4:17 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH09511

6220297

## CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| ZACHARY VERGARA, individually and on Behalf of a class of similarly situated individuals, | ) ) ) | |
| *Plaintiff*, | ) ) ) | No. 2019-CH-09511 |
| v. | ) ) | Cal. 10 |
| NINTENDO OF AMERICA, INC., a Washington corporation, | ) ) ) | Hon. Caroline Kate Moreland |
| *Defendant*. | ) ) | |

### <u>NOTICE OF MOTION</u>

To:

NINTENDO OF AMERICA, INC.
c/o CT Corporation System
208 S. LaSalle St., Suite 814
Chicago IL 60604

On December 16, 2019 at 10:00 a.m. or as soon thereafter as counsel may be heard, I shall appear before the Honorable Caroline Kate Moreland or any Judge sitting in that Judge's stead, in courtroom 2302, located at the Richard J. Daley Center, 50 W. Washington St., Chicago, Illinois 60602, and present *Plaintiff's Motion for Class Certification or, Alternatively, for a Deferred Class Certification Ruling Pending Discovery.*

| | | | |
|---|---|---|---|
| **Name:** | McGuire Law, P.C. | **Attorney for:** | Plaintiff |
| **Address:** | 55 W. Wacker Dr., 9th Fl. | **City:** | Chicago, IL 60601 |
| **Telephone:** | (312) 893-7002 | **Firm ID.:** | 56618 |

FILED DATE: 8/16/2019 4:17 PM 2019CH09511

- 1 -

FILED DATE: 8/16/2019 4:17 PM   2019CH09511

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on August 19, 2019, a copy of Plaintiff's Motion for Class Certification or, Alternatively, for a Deferred Class Certification Ruling Pending Discovery was sent to Defendant's Registered Agent by way of first class mail by depositing the same in a United States Mailbox.

/s/ Eugene Y. Turin
Eugene Y. Turin, Esq.

- 2 -

# Exhibit 5



## Case Information Summary for Case Number
### 2019-CH-09511

Filing Date: 08/16/2019          Case Type: CLASS ACTION
Division: Chancery Division      District: First Municipal
Ad Damnum: $0.00                 Calendar: 10

### Party Information

**Plaintiff(s)**                 **Attorney(s)**
VERGARA ZACHARY                  MCGUIRE LAW P C
                                 55 W WACKER 9TH FL
                                 CHICAGO IL, 60601
                                 (312) 893-7002

**Defendant(s)**   **Defendant Date of Service**   **Attorney(s)**
NINTENDO OF AMERICA,
INC.

### Case Activity

Activity Date: 08/16/2019          Participant: VERGARA ZACHARY
CLASS ACTION COMPLAINT FILED (JURY DEMAND)

Court Fee: 600.50                  Attorney: MCGUIRE LAW P C

Activity Date: 08/16/2019                      Participant:
MOTION SCHEDULED (MOTION COUNTER ONLY)

Date: 12/16/2019
Court Time: 1000                   Attorney: MCGUIRE LAW P C

Activity Date: 08/16/2019          Participant: VERGARA ZACHARY
***CERTIFY CLASS(SET FOR MOTION HEARING)

                                   Attorney: MCGUIRE LAW P C

Activity Date: 08/16/2019          Participant: VERGARA ZACHARY
SUMMONS ISSUED AND RETURNABLE

                                   Attorney: MCGUIRE LAW P C

Activity Date: 08/16/2019          Participant: VERGARA ZACHARY

### NOTICE OF MOTION FILED

Attorney: MCGUIRE LAW P C

Activity Date: 08/16/2019          Participant: VERGARA ZACHARY

### CASE SET ON CASE MANAGEMENT CALL

Date: 12/16/2019

Court Time: 1000

Court Room: 2302

Judge: MORELAND, CAROLINE KATE

Attorney: MCGUIRE LAW P C

*Back to Top*

Please note: Neither the Circuit Court of Cook County nor the Clerk of the Circuit Court of Cook County warrants the accuracy, completeness, or the currency of this data. This data is not an official record of the Court or the Clerk and may not be represented as an official court record.

If data does not appear in a specific field, we likely do not have the responsive data in our master database.