**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ZACHARY VERGARA, individually and on behalf of a class of similarly situated individuals,<br><br>        Plaintiff,<br><br>  v.<br><br>NINTENDO OF AMERICA INC., a Washington corporation,<br><br>        Defendant. | No. 1:19-cv-06374<br><br>Honorable Gary S. Feinerman<br><br>Magistrate Judge Jeffrey T. Gilbert |

**NINTENDO OF AMERICA INC.'S REPLY IN SUPPORT
OF ITS MOTION TO COMPEL ARBITRATION AND DISMISS**

147080371

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................................ 1

II. ARGUMENT ............................................................................................................. 2

    A. Mr. Vergara Does Not Dispute that He Agreed to the EULA When He Set Up His Switch Console ........................................................................... 2

    B. The Parties Delegated to the Arbitrator the Single Issue Mr. Vergara Raises in Response to Nintendo's Motion—Whether Mr. Vergara's Claims Are Subject to the Arbitration Provision ................................................. 3

    C. Even if the Single Issue Raised in Opposition Were Before this Court, the Court Should Still Compel Mr. Vergara to Arbitrate Because He Has Not Pleaded "Small Claims" ......................................................................... 6

        1. Mr. Vergara's Putative Class-Action Claims Seeking Millions of Dollars and Other Equitable Relief Are Not "Small Claims" Falling Within the EULA's Narrow Exception to Arbitration ................. 6

        2. Case Law Throughout the Country, Including the Primary Case on which Mr. Vergara Relies, Confirms that Mr. Vergara Has Not Asserted a "Small Claim" ...................................................................... 10

        3. The EULA's Small-Claims Exception Is Not Ambiguous, but Even If It Was, Any Ambiguity Should Be Construed in Favor of Arbitration ............................................................................................. 13

    D. Regardless of Whether the Small-Claims Exception Applies, Mr. Vergara Cannot Maintain this Action in this Court .......................................................... 14

III. CONCLUSION ........................................................................................................ 15

-i-

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Adams v. AT&T Mobility, LLC*,
   816 F. Supp. 2d 1077 (W.D. Wash. 2011) ...........................................................12

*Botorff v. Amerco*,
   2012 WL 6628952 (E.D. Cal. Dec. 19, 2012) ................................................10, 11

*Calzaretta v. Rezny*,
   2018 WL 1911749 (N.D. Ill. Apr. 23, 2018) ........................................................13

*Crandall v. AT&T Mobility, LLC*,
   2008 WL 2796752 (S.D. Ill. July 18, 2008) ..........................................................3

*Friends for Health v. PayPal, Inc.*,
   2018 WL 2933608 (N.D. Ill. June 12, 2018) .........................................................2

*Gadomski v. Wells Fargo Bank, N.A.*,
   281 F. Supp. 3d 1015 (E.D. Cal. 2018).................................................................10

*Harbers v. Eddie Bauer, LLC*,
   2019 WL 6130822 (W.D. Wash. Nov. 19, 2019) ..................................................13

*Harmon Ins. Agency, Inc. v. Thorson*,
   590 N.E.2d 920 (Ill. Ct. App. 1992) ......................................................................9

*Henry Schein, Inc. v. Archer & White Sales, Inc.*,
   --- U.S. ----, 139 S. Ct. 524 (2019) ...................................................................3, 4

*Horton v. Dow Jones & Co.*,
   2019 WL 952314 (S.D.N.Y. Feb. 27, 2019)................................................. passim

*Kiefer Specialty Flooring, Inc. v. Tarkett, Inc.*,
   174 F.3d 907 (7th Cir. 1999) ...............................................................................14

*Lee v. Uber Techs.*,
   208 F. Supp. 3d 886 (N.D. Ill. 2016) .....................................................................5

*Lough v. Mock-Pike*,
   2018 WL 4690252 (S.D. Ill. Sept. 28, 2018).........................................................9

*Maher v. Microsoft Corp.*,
   2018 WL 1535043 (N.D. Ill. Mar. 29, 2018).......................................................12

*Melo v. Zumper, Inc.*,
   2020 WL 465033 (E.D. Va. Jan. 28, 2020) ..........................................................13

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
    460 U.S. 1 (1983) ................................................................................................ 14

*Oats v. Patel*,
    2016 WL 3225389 (Ill. Ct. App. 2016) (unpublished) ........................................ 7

*Pittman v. HSBC Bank Nev., N.A.*,
    2008 WL 11456545 (M.D. Fla. Jan. 2, 2008) ...................................................... 9

*Pivoris v. TCF Fin. Corp.*,
    2007 WL 4355040 (N.D. Ill. Dec. 7, 2007) ........................................................ 12

*Reeners v. Verizon Communications, Inc.*,
    2011 WL 2791262 (M.D. Tenn. July 14, 2011) .................................................. 11

*Rent-A-Ctr., W., Inc. v. Jackson*,
    561 U.S. 63 (2010) ................................................................................................ 4

*State ex rel. McCool v. Small Claims Ct. of Jefferson Cty. Dist. Ct.*,
    532 P.2d 1191, 1193 (Wash. Ct. App. 1975) ...................................................... 9

*Warren v. City of Chi.*,
    2015 WL 5518748 (Ill. Ct. App. 2015) (unpublished) ..................................... 7, 9

*Washington v. Cool Heat, Inc.*,
    2016 WL 6197649 (Ill. Ct. App. 2016) (unpublished) ..................................... 7, 9

*Zacher v. Comcast Cable Commc'ns LLC*,
    2018 WL 3046955 (N.D. Ill. June 20, 2018) ....................................................... 4

**STATUTES**

28 U.S.C. § 1332(d)(6) ................................................................................................. 8

Wash. Rev. Code 12.40.010(1)(a) ............................................................................ 7, 8

**RULES**

Ill. Sup. Ct. R. 281 ..................................................................................................... 7, 8

**OTHER AUTHORITIES**

AM. ARB. ASS'N, *Consumer Due Process Protocol Statement of Principles* ................ 13

## I.    INTRODUCTION

Mr. Vergara does not dispute that he chose to accept the End User License Agreement ("EULA") while setting up his Switch console. He does not dispute that he had an opportunity to review the terms of the EULA—including the arbitration provision and delegation clause—and that he chose not to reject it or exercise his right to opt out of arbitration. And he does not dispute that he chose to file a nationwide class action, not an individual small-claims suit.

Mr. Vergara instead raises a single—but flawed—argument in response to Nintendo's Motion to Compel Arbitration: because he might have been able to recover in small-claims court a fraction of the relief he seeks, he may somehow proceed with this putative class action in which he seeks millions of dollars and broad equitable relief that far exceeds that over which the small-claims court has jurisdiction. Mr. Vergara is mistaken.

As an initial matter, the parties delegated to the arbitrator all threshold arbitrability issues, including whether Mr. Vergara's claims are subject to an exception in the arbitration provision. That question is for the arbitrator, not this Court.

In any event, the claims Mr. Vergara brings in this case are not "small claims" within the plain meaning of the EULA or under applicable law. Instead of bringing in small-claims court an individual action seeking only money damages under $10,000 (the jurisdictional limit under Illinois and Washington law), Mr. Vergara chose to bring in the Chancery Division of the Circuit Court a class action for a judgment exceeding $5 million and seeking injunctive and other equitable relief not available in small-claims court.

Mr. Vergara's position is contrary to any commonsense understanding of what kind of action may proceed in small-claims court, as case law from across the country confirms. Indeed, the sole case on which Mr. Vergara relies, *Horton v. Dow Jones & Co.*, 2019 WL 952314

147080371

(S.D.N.Y. Feb. 27, 2019), supports Nintendo's position. *Horton* declined to compel arbitration because, unlike here, the plaintiff had limited his claims and any potential judgment to the small-claims cap. Moreover, the court considered the plaintiff's argument in the first place only because, unlike the EULA here, that arbitration agreement expressly required that the court, not the arbitrator, decide the issue.

But even if Mr. Vergara's claims somehow fell within the EULA's small-claims exception, this action cannot be maintained in this Court because the parties agreed that any dispute not subject to arbitration could be brought only in King County, Washington.

Quite simply, Mr. Vergara could not assert the claims he individually brought in this action, much less his extensive class-action claims, in small-claims court. Adopting Mr. Vergara's approach would undermine the very purpose of small-claims courts *and* arbitration agreements—to promote the efficient and less-costly resolution of claims. Because Mr. Vergara concedes that he agreed to the EULA, the Court should grant Nintendo's Motion, order Mr. Vergara to arbitration, and dismiss this action.

## II.    ARGUMENT

### A.    Mr. Vergara Does Not Dispute that He Agreed to the EULA When He Set Up His Switch Console

To start, Mr. Vergara does not dispute that he agreed to the EULA, including its arbitration provision and delegation clause. *See* Opp. at 1, 3–4. As Nintendo explained in its Motion, courts routinely enforce agreements to arbitrate where purchasers affirmatively assent after having a reasonable opportunity to review the terms. In *Friends for Health v. PayPal, Inc.*, for example, this District Court ordered plaintiffs to arbitrate their claims because they "had the opportunity to review" the arbitration terms, including "through a scroll box or through a link," and "had to affirmatively check a box, or click a button, indicating that they accepted the user

2

agreement." 2018 WL 2933608, at *5 (N.D. Ill. June 12, 2018).

So it is here. Mr. Vergara agreed to the EULA by affirmatively clicking the "Accept" button during the Switch set-up process. *See* Declaration of Kristopher Kiel in Support of Motion to Compel Arbitration and Dismiss ("Kiel Decl."), ECF No. 18 (Dec. 2, 2019) ¶ 16. He did so after Nintendo presented those terms conspicuously via a hyperlinked button outlined in pulsating bright blue that said, "View End User License Agreement" and after Nintendo asked him to confirm that he had read the terms. *Id.* ¶¶ 14–15.

Simply put, Nintendo made the EULA available to Mr. Vergara in several ways and with several notices. Nintendo informed him that he could decline the EULA and return his Switch. He even had the option of keeping the Switch while opting out of arbitration. He chose to accept the EULA's terms and agree to the efficient, cost-effective method of arbitration to resolve any disputes. The Court should grant Nintendo's Motion to Compel.

**B.**     **The Parties Delegated to the Arbitrator the Single Issue Mr. Vergara Raises in Response to Nintendo's Motion—Whether Mr. Vergara's Claims Are Subject to the Arbitration Provision**

Despite acknowledging that he agreed to the EULA, Mr. Vergara nevertheless argues that his claims fall within the EULA's exception to arbitration for claims that may be brought in the next-most-efficient forum, small-claims court. Opp. at 3–5. But his incorrect application of that exception rests on an incorrect premise—that the Court, not the arbitrator, may resolve that issue.

Nintendo does not dispute that this Court must decide whether an agreement to arbitrate exists, which is precisely why Nintendo has moved to compel arbitration. *See Henry Schein, Inc. v. Archer & White Sales, Inc.*, --- U.S. ----, 139 S. Ct. 524, 530 (2019) ("To be sure, before referring a dispute to an arbitrator, the court determines whether a valid arbitration agreement exists."). What Mr. Vergara ignores, however, is that this Court's inquiry ends once it concludes—as Mr. Vergara has conceded—that he assented to the EULA, because the parties

3

agreed that an *arbitrator* will resolve any threshold arbitrability issues—including those related to the enforceability or applicability of the arbitration provision. *See* Kiel Decl. ¶ 8, Ex. A ("EULA") at 7[1]; *Zacher v. Comcast Cable Commc'ns LLC*, 2018 WL 3046955, at *4 (N.D. Ill. June 20, 2018).

When the parties have delegated to the arbitrator challenges to the applicability of an arbitration agreement, "a court possesses no power to decide" those issues. *Archer & White*, 139 S. Ct. at 530. That is precisely what the parties have done here. They agreed that the arbitrator, not a court, will decide all arbitrability issues beyond the question of whether an agreement to arbitrate exists. *See* EULA at 7 (agreeing that "*all* disputes," including "formation, enforceability, performance, or breach," will be arbitrated (emphasis added)).

Yet Mr. Vergara's opposition focuses *exclusively* on the applicability of the arbitration agreement, asserting that it does not cover his putative class-action claims because, in his mistaken view, those claims fall within the arbitration provision's exception for claims brought in small-claims court. Opp. at 3–5. The Court should not consider this argument because Mr. Vergara concedes that he assented to the EULA, which delegated to the arbitrator any issues of the arbitration agreement's enforceability. *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 68 (2010); *Allscripts Healthcare, LLC v. Etransmedia Tech., Inc.*, 188 F. Supp. 3d 696, 701–02 (N.D. Ill. 2016) (holding that by incorporating the American Arbitration Association rules into an arbitration agreement, the parties "clearly and unmistakably delegate[d] authority to the arbitrators to decide whether [the plaintiff]'s claims are arbitrable"). Mr. Vergara also makes no challenge whatsoever to the delegation clause itself. *Rent-A-Ctr.*, 561 U.S. at 73.

Indeed, the primary case on which Mr. Vergara's opposition rests addressed this very

---

[1] For its citations to the EULA, Nintendo cites the page numbers assigned by the Court's ECF system.

question, and the court there concluded that it could analyze threshold arbitrability issues *only* because the agreement explicitly required the *court—not* the arbitrator—to decide them. *See* Opp. at 5–6 (citing *Horton v. Dow Jones & Co.*, 2019 WL 952314 (S.D.N.Y. Feb. 27, 2019), *appeal docketed*, No. 19-832 (2d Cir. Mar. 29, 2019)). In *Horton v. Dow Jones & Co.*, the court addressed two threshold arbitrability issues: (1) the validity of the arbitration agreement's class action-waiver and (2) the same issue Mr. Vergara raises here—whether the claims at issue were subject to the arbitration agreement's small-claims exception. 2019 WL 952314, at * 2–3. Before reaching those issues, though, the court first analyzed *which* decisionmaker—the court or the arbitrator—had the authority under the arbitration agreement to address threshold arbitrability issues. *Id.* at *1–2. The court concluded that it had the authority because the parties' agreement designated "threshold issues relating to the scope, application, and enforceability of the arbitration provision to *courts*." *Id.* at *1 (quotation marks omitted; emphasis added); *see also id.* at *2. The *Horton* court addressed the issue Mr. Vergara presents here only because the parties explicitly agreed that threshold issues were *not* delegated to the arbitrator. *Id.* at *1.

The EULA here says the opposite. It states that the parties agree that "all disputes," including those addressing the EULA's "formation, enforceability, performance, or breach," will be arbitrated. EULA at 7. Thus, threshold arbitrability issues—aside from whether the parties in the first place formed an agreement to arbitrate something—are not before this Court. Mr. Vergara does not dispute that there is an agreement between the parties, only what that agreement means. Because the parties delegated to the arbitrator scope and enforceability questions, and Mr. Vergara raises no challenge to that delegation, the Court should not consider the application of the EULA's small-claims exception. *Lee v. Uber Techs.*, 208 F. Supp. 3d 886, 893 (N.D. Ill. 2016).

**C.  Even if the Single Issue Raised in Opposition Were Before this Court, the Court Should Still Compel Mr. Vergara to Arbitrate Because He Has Not Pleaded "Small Claims"**

Even if the Court considered Mr. Vergara's argument about the EULA's small-claims exception, that exception does not allow Mr. Vergara to avoid his agreement to arbitrate on an individual basis. *See* Opp. at 3–6. Mr. Vergara has *not* asserted small claims and he has *not* brought an action in small-claims court. Instead, he filed in the Chancery Division of Illinois's Cook County Circuit Court (from which Nintendo removed to this Court) a sprawling putative nationwide class action seeking broad monetary and equitable relief exceeding $5 million. *See* Compl., ECF No. 1-2 (Sept. 25, 2019); Not. of Removal, ECF No. 1 (Sept. 25, 2019). To characterize as small the claims Mr. Vergara asserts is to ignore his own pleadings, Illinois and Washington law, and the commonsense approach other courts have taken to interpreting similar exceptions in arbitration agreements. *See* Compl. ¶¶ 3, 23, 39, 51, 57, 65, 69. Nor is there any ambiguity about the small-claims exception or its application to the EULA's arbitration provision that could somehow aid Mr. Vergara in avoiding his agreement to arbitrate. *See* Opp. at 6–7.

**1.  Mr. Vergara's Putative Class-Action Claims Seeking Millions of Dollars and Other Equitable Relief Are Not "Small Claims" Falling Within the EULA's Narrow Exception to Arbitration**

The EULA carves out from the arbitration provision "any Claim . . . that may be brought in small-claims court." EULA at 8 (Section 7(C)). Mr. Vergara relies on that language to assert that he can proceed with a class action in this Court rather than an individual action in arbitration because he could have limited his claim to reimbursement and could have brought an individual action in small-claims court to recover damages of only $361.98. Opp. at 2–3. But Mr. Vergara did not and does not bring a suit seeking relief for only $361.98, much less bring it individually.

6

Mr. Vergara ignores that under Illinois law, "a small claim is a civil action based on either tort or contract for money not in excess of $10,000," and no case law supports bringing a class action in Illinois small-claims court.[2] Ill. Sup. Ct. R. 281. The $10,000 cap and the other limits are jurisdictional, and claims exceeding or outside them cannot be brought in Illinois small-claims court. *See, e.g.*, *Oats v. Patel*, 2016 WL 3225389, at *3 (Ill. Ct. App. 2016) (unpublished). Claims that cannot proceed in small-claims court include those for "unspecified" damages and those that in the aggregate exceed $10,000. *Warren v. City of Chi.*, 2015 WL 5518748, at *4 (Ill. Ct. App. 2015) (unpublished); *Washington v. Cool Heat, Inc.*, 2016 WL 6197649, at *6 (Ill. Ct. App. 2016) (unpublished). In addition, small-claims court provides for only money damages, yet Mr. Vergara seeks "[i]njunctive relief" and "disgorgement" unavailable in small-claims court. Compl. ¶¶ 12, 14–16; *see also* Ill. Sup. Ct. R. 281 (limiting relief in small-claims court to monetary damages).

The same is true under Washington law, which would necessarily apply if arbitration is unavailable because the parties agreed that any dispute not subject to arbitration would be governed by "the laws of the State of Washington . . . , except for its conflict of law rules." EULA at 8. Like Illinois, Washington defines a small-claims action as one "for the recovery of money" that "does not exceed" $10,000. Wash. Rev. Code 12.40.010(1)(a).

And so, under the law and based on Mr. Vergara's own Complaint, Mr. Vergara has not asserted a "small claim" for purposes of the exception to the arbitration provision. Rather, he has asserted, on his behalf and that of a proposed class of Switch and Joy-Con purchasers—whom

---

[2] Nintendo does not, contrary to Mr. Vergara's suggestion, agree that Illinois law applies in all instances. *See* Opp. at 5 n.1. Nintendo instead maintains that for issues other than contract formation, the EULA's choice of Washington law applies. *See* EULA at 8 (Section 9). For purposes of determining whether Mr. Vergara has asserted a small-claims action that could be brought in small-claims court, however, Nintendo addresses both Illinois and Washington law because they are substantially similar on the topic.

7

Mr. Vergara allege number in the "*thousands*, if not *millions*"—claims for damages; restitution, including the disgorgement of profits; and injunctive relief. Compl. ¶¶ 3, 39, 69.2 (emphasis added); *see also id.* ¶¶ 23 (asserting that damages include "loss of use of [putative class members'] Switch and Controllers, loss of property value, and loss of time and expense trying to fix the problem"), 51, 57, 65, 69. And Mr. Vergara does *not* limit his damages to those that would be available in small-claims court, instead alleging that he and the class he seeks to represent "are entitled to damages in an amount to be proven at trial." *Id.* ¶ 51. Mr. Vergara's own Complaint shows that he could not have brought this action in small-claims court. *See* Ill. Sup. Ct. R. 281; Wash. Rev. Code 12.40.010(1)(a).

Ignoring the language and causes of action in his own Complaint, Mr. Vergara now asserts that he "essentially seek[s] reimbursement for his purchase of [Nintendo's] Switch game console and the replacement parts and controller that he purchased," amounting to only about "$361.98." Opp. at 4–5. But Mr. Vergara has not amended his Complaint or otherwise limited his claims to such relief. Compl. ¶¶ 3, 39, 69.2. The fact that Mr. Vergara did not challenge Nintendo's removal to this Court based on an amount-in-controversy in excess of $5 million further belies the characterization he now peddles. *See* Not. of Removal at 4–5; 28 U.S.C. § 1332(d)(6) (amount in controversy required under the Class Action Fairness Act). It strains credulity to think that Mr. Vergara would not have challenged Nintendo's removal had he believed he in fact asserted a claim amounting to no more than $10,000.

Mr. Vergara's argument that the small-claims exception invalidates specifically the arbitration provision's class-waiver clause, permitting him to proceed with a class-action lawsuit in this Court, is incorrect for the same reasons. Opp. at 4. Although the arbitration provision and class-waiver clause do not apply to actions brought in small-claims court, Mr. Vergara again

ignores that the very action he asserts here—on behalf of a nationwide class for unlimited damages and broad equitable relief—could *not* be brought in small-claims court, which explains why Mr. Vergara didn't bring an individual small-claims action in the first place. *See, e.g.*, *Warren*, 2015 WL 5518748, at *4 (holding that a complaint asserting "unspecified compensatory" damages, among other things, did not state a small-claims action); *Washington*, 2016 WL 6197649, at *6 (holding that the plaintiff did not assert a small-claims action because she pleaded three separate counts for $3,500 each, which together totaled more than the small-claims jurisdictional amount).

Mr. Vergara's proposed approach is also contrary to the purpose of small-claims courts. Those courts exist "to settle claims for relatively small amounts of money without the complicated and time-consuming procedures of regular civil court." *Lough v. Mock-Pike*, 2018 WL 4690252, at *1 (S.D. Ill. Sept. 28, 2018); *see also State ex rel. McCool v. Small Claims Ct. of Jefferson Cty. Dist. Ct.*, 532 P.2d 1191, 1193 (Wash. Ct. App. 1975) ("[T]he legislature's intent, in creating the small claims department, was to provide a forum where litigants could obtain speedy, inexpensive and conclusive justice."). Because of those features, a state court of general jurisdiction "is not similar to a small claims court in jurisdiction, procedures, or function." *Pittman v. HSBC Bank Nev., N.A.*, 2008 WL 11456545, at *4 (M.D. Fla. Jan. 2, 2008). Small-claims courts are not intended to handle actions like Mr. Vergara's; they are "intended to provide an expeditious, simplified, and inexpensive procedure for handling small claims." *Harmon Ins. Agency, Inc. v. Thorson*, 590 N.E.2d 920, 921 (Ill. Ct. App. 1992).

Although Mr. Vergara could have brought an individual action solely for money damages in small-claims court *if* the action sought only damages for no more than $10,000, he did not. Mr. Vergara instead asserted claims far exceeding that limit and sought relief not available in a

9

small-claims court, and he cannot now ask the Court to ignore all but a sliver of the relief he

seeks to prevent the individual arbitration to which he agreed. The Court should reject Mr.

Vergara's attempt to recast his claims in opposition to Nintendo's Motion in order to avoid his

agreement with Nintendo.

> **2.** **Case Law Throughout the Country, Including the Primary Case on which Mr. Vergara Relies, Confirms that Mr. Vergara Has Not Asserted a "Small Claim"**

Several courts have for good reason rejected the very argument Mr. Vergara makes here,

reaching the commonsense conclusion that large class actions do not fall within small-claims

exceptions to arbitration agreements. In *Gadomski v. Wells Fargo Bank, N.A.*, for example, the

plaintiff argued that "despite the aggregate value of the class claims," her putative class action

was nevertheless "subject to the small claims exception" in the arbitration agreement because her

individual claim may have satisfied the jurisdictional amount of a small-claims court. 281 F.

Supp. 3d 1015, 1020–21 (E.D. Cal. 2018) (quotation marks omitted). The court noted that the

"flaw in [the p]laintiff's logic is that neither she nor the other similarly situated class members

are moving forward as individuals." *Id.* at 1021. Rather, the plaintiff sought, as Mr. Vergara does

here, to represent a class of "hundreds of thousands, if not more." *Id.* (quotation marks omitted).

The court held that the arbitration agreement's small-claims exception did not apply "because the

potential class of hundreds of thousands of individuals ensures the claims would exceed the

jurisdictional limit of California's small claims court." *Id.*

The District Court for the Eastern District of California rejected a similar argument that

an arbitration agreement's small-claims exception applied because the plaintiff "could have

brought her claim in California's small claims court." *Botorff v. Amerco*, 2012 WL 6628952, at

*3 (E.D. Cal. Dec. 19, 2012). Like Mr. Vergara, the plaintiff had not filed a claim in small-

claims court and instead pursued a class action. *See id.* The plaintiff argued that she nevertheless

satisfied the arbitration agreement's exception for "claims that may be brought in small claims court" because she personally sought "restitution" for only $411, a claim she argued she could have asserted in small-claims court. *Id.* at *5. The court noted that although the plaintiff "could have brought her individual claim in California's small claims court," she chose not to do so. *Id.* at *6. Instead, she brought a large putative class action, which placed in controversy more than $5 million. *Id.* On those facts, the court concluded that the small-claims exception did not apply. *Id.*

The District Court for the Middle District of Tennessee reached a similar conclusion in *Reeners v. Verizon Communications, Inc.*, 2011 WL 2791262, at *2 (M.D. Tenn. July 14, 2011). There the plaintiff argued that he had complied with the arbitration agreement's small-claims exception by filing several "small claims" in one action in federal court. *See id.* (quotation marks omitted). The court rejected that position because the plaintiff filed "a proposed nationwide class action" involving "damages clearly exceeding $10,000," the limitation on small claims. *Id.* For that reason, the plaintiff's action did "not fit within the scope of the small claims court exception to arbitration." *Id.*

These cases reinforce the straightforward conclusion that small-claims exceptions in arbitration agreements do not cover large nationwide class actions seeking in the aggregate extensive damages, as Mr. Vergara asserts here.

Indeed, the sole case on which Mr. Vergara surprisingly relies instead supports Nintendo's position. In *Horton v. Dow Jones & Co.*, the plaintiff, like Mr. Vergara, filed a putative class action despite agreeing to arbitrate his claims on an individual basis. 2019 WL 952314, at *1. Before reaching the question of whether the small-claims exception applied, the court addressed whether the class-action waiver in the arbitration agreement applied because the

11

parties had contracted for the court to decide that threshold arbitrability issue. *Id.* at *2–3. Concluding that the class-action waiver applied and the plaintiff could proceed only on an individual basis, the court concluded that the plaintiff's individual claim—stripped of its status as a class action—fell within the exception for claims that "qualifie[d] for small claims court" because the plaintiff *expressly* pleaded *only* $5,000 in damages. *Id.* at *3.

Unlike the plaintiff in *Horton*, Mr. Vergara is *not* proceeding on an individual basis[3] and he has *not* pleaded limited damages falling within the jurisdictional amount for small-claims court. *Horton* provides no support for Mr. Vergara's position—that he can assert outside of a small-claims court a putative nationwide class action involving claims for unspecified damages and equitable relief but nevertheless refer to them as "small claims" to dodge his agreement to arbitrate on an individual basis. *See Adams v. AT&T Mobility, LLC*, 816 F. Supp. 2d 1077, 1086 (W.D. Wash. 2011) ("Verizon merely agreed to permit its customers to bring their disputes to small claims court rather than arbitrate them. Verizon did not agree to permit a customer to bring a claim in whatever court the customer prefers as long as the claim could be the subject of a small claims suit."); *Pivoris v. TCF Fin. Corp.*, 2007 WL 4355040, at *8 (N.D. Ill. Dec. 7, 2007) (holding that a "plain reading" of the at-issue arbitration agreement "demonstrates that the exception to the definition of a [c]laim applies only to actions brought in small claims court").

Mr. Vergara is incorrect that the EULA's small-claims exception "distinguishes" the EULA and its arbitration provision "from those clauses typically raised in motions to compel" arbitration. Opp. at 4. Small-claims exceptions to arbitration agreements are common, as demonstrated by the many cases identifying such exceptions. *See, e.g.*, *Maher v. Microsoft*

---

[3] The Court has no occasion to consider the application of the EULA's class-action waiver because the parties delegated that issue to the arbitrator as well. *See supra* § II.B; *see also* Mem. in Support of Mot. to Compel, ECF No. 17 (Dec. 2, 2019) at 16–18.

12

*Corp.*, 2018 WL 1535043, at *2 (N.D. Ill. Mar. 29, 2018); *Crandall v. AT&T Mobility, LLC*,

2008 WL 2796752, at *3 (S.D. Ill. July 18, 2008); *Melo v. Zumper, Inc.*, 2020 WL 465033, at *2

(E.D. Va. Jan. 28, 2020); *Harbers v. Eddie Bauer, LLC*, 2019 WL 6130822, at *2 (W.D. Wash.

Nov. 19, 2019). Indeed, those exceptions are included in most consumer arbitration agreements

to provide another cost-effective and efficient way, aside from arbitration, for parties to assert

claims that satisfy the jurisdictional requirements of a small-claims court. *See, e.g.*, AM. ARB.

ASS'N, *Consumer Due Process Protocol Statement of Principles* at 2, available at https://www.

adr.org/sites/default/files/document_repository/Consumer%20Due%20Process%20Protocol%20(

1).pdf ("Consumer [Alternative Dispute Resolution] Agreements should make it clear that all

parties retain the right to seek relief in a small claims court for disputes or claims within the

scope of its jurisdiction.").

 The Court should follow the straightforward approach that courts across the country have

adopted, reject Mr. Vergara's unfounded argument, and compel this action to arbitration.

 **3. The EULA's Small-Claims Exception Is Not Ambiguous, but Even If It Was, Any Ambiguity Should Be Construed in Favor of Arbitration**

 Perhaps recognizing the futility of his argument, Mr. Vergara also tries to paint the

arbitration provision and small-claims exception as ambiguous because, in his incorrect view, the

small-claims exception does not define what "claim" means. *See* Opp. at 6–7. As Nintendo

discussed above, the parties agreed to delegate to the arbitrator any issues related to the

enforceability and applicability of the arbitration agreement—whether Mr. Vergara's claims are

subject to arbitration—and the Court should not consider this issue.

 But even if the Court considers the issue, there is no ambiguity. *See Calzaretta v. Rezny*,

2018 WL 1911749, at *4 (N.D. Ill. Apr. 23, 2018) (holding that the court "may not read any

ambiguity into the clear, unambiguous language" of the contract). The fact that Mr. Vergara

13

might have chosen to bring a different cause of action, only for himself, and seeking only monetary damages less than $10,000, is irrelevant. What matters is the claim he did bring, and that claim may *not* be brought in small-claims court. The exception means what it says: "any Claim . . . that may be brought in small-claims court" are those claims falling within the jurisdiction of the small-claims court. EULA at 8. Those claims—and nothing more—are carved out of the arbitration provision. *See id.* Moreover, and contrary to Mr. Vergara's assertion, the EULA *does* define claim—"[a]ny matter we are unable to resolve and all disputes or claims arising out of or relating to" the EULA. *Id.* at 7 (Section 7(A)).

Beyond that, the Federal Arbitration Act requires that any ambiguity, should one exist, be construed in favor of arbitration, even if the "problem at hand is the construction of the contract language itself." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983). Indeed, "a court may not deny a party's request to arbitrate an issue unless" the court is "positive" that "the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Kiefer Specialty Flooring, Inc. v. Tarkett, Inc.*, 174 F.3d 907, 909 (7th Cir. 1999) (quotation marks omitted). To the extent there is any ambiguity here, and there is not, the Court should resolve it in favor of compelling arbitration. *Cone Mem'l Hosp.*, 460 U.S. at 24–25.

**D.      Regardless of Whether the Small-Claims Exception Applies, Mr. Vergara Cannot Maintain this Action in this Court**

But even if the Court concludes that Mr. Vergara has asserted "small claims" within the meaning of the EULA's small-claims exception and that Mr. Vergara is not required to arbitrate his claims, Mr. Vergara *still* cannot proceed with this action in this Court. The parties agreed that if the arbitration provision does not apply, they "consent to the exclusive jurisdiction of the courts located in King County, Washington, U.S.A." EULA at 8 (Section 9).

Mr. Vergara conveniently ignores that language, but if he wishes to seek refuge in the

14

small-claims exception to avoid his agreement to arbitrate, he must follow the EULA's provision that governs when arbitration is unavailable. *See id.* That provision requires that any actions outside of arbitration be maintained in Washington, not in this Court. *See id.*

The fact that Mr. Vergara ignores that part of the EULA reinforces the conclusion that Mr. Vergara's claims are not "small." If Mr. Vergara thought he had actually asserted an individual small-claims action, he would not have asserted that action in Cook County Circuit Court in contravention of the EULA's clear directive that any action not subject to arbitration must be brought in King County, Washington.

The Court therefore should conclude that Mr. Vergara cannot maintain his action in this Court, even if the Court otherwise concludes that the EULA's small-claims exception applies.

### III.    CONCLUSION

Mr. Vergara accepted the EULA and agreed to arbitration when he set up his Switch video-game console and chose to keep his console but not opt out of the arbitration provision or delegation clause. The Court therefore has no occasion to consider his arguments about the arbitration provision's enforceability or applicability. But even if the Court considers those arguments, the Court should reject them and grant Nintendo's motion to compel arbitration and dismiss this action.

147080371

February 14, 2020                    Nintendo of America Inc.


                                     By: s/ Eric J. Weiss
                                     _____
                                         One of Its Attorneys

                                         Christopher B. Wilson
                                         Kathleen A. Stetsko
                                         **PERKINS COIE LLP**
                                         131 S Dearborn Street # 1700
                                         Chicago, IL 60603
                                         Telephone: 312.324.8400
                                         Fax: 312.324.9400
                                         Email: CWilson@perkinscoie.com
                                         Email: KStetsko@perkinscoie.com

                                         David J. Burman (*pro hac vice*)
                                         Eric J. Weiss (*pro hac vice*)
                                         Mallory Gitt Webster
                                         **PERKINS COIE LLP**
                                         1201 Third Avenue, Suite 4900
                                         Seattle, WA 98101-3099
                                         Telephone: 206.359.8000
                                         Fax: 206.359.9000
                                         Email: DBurman@perkinscoie.com
                                         Email: EWeiss@perkinscoie.com
                                         Email: MWebster@perkinscoie.com

16

## <u>CERTIFICATE OF SERVICE</u>

On this date I caused to be served on each of the attorneys identified below, via the delivery methods indicated below, a copy of the foregoing document:

Eugene Y. Turin
**MCGUIRE LAW, P.C.**
55 W. Wacker Drive, 9th Floor
Chicago, IL 60601
Telephone: 312.893.7002
Fax: 312.275.7895
Email: eturin@mcgpc.com

*Attorney for Zachary Vergara*

<u>**X**</u>  Via the Clerk's eFiling Application
___  Via U.S. Mail, 1st Class
___  Via Overnight Delivery
___  Via Facsimile
<u>**X**</u>  Via Email
___  Other: _____

Dated: February 14, 2020

By: <u>s/ Mallory Gitt Webster</u>

147080371