# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| ZACHARY VERGARA, individually and on behalf of a class of similarly situated individuals, | ) ) ) | |
| | ) | |
| *Plaintiff*, | ) | No. 19-cv-06374 |
| | ) | |
| v. | ) | |
| | ) | Hon. Gary S. Feinerman |
| NINTENDO OF AMERICA INC., a Delaware Limited Liability Company, | ) ) | |
| | ) | Magistrate Judge Jeffrey T. Gilbert |
| | ) | |
| *Defendant*. | ) | |

## [PROPOSED] FIRST AMENDED CLASS ACTION COMPLAINT

1.       Plaintiff Zachary Vergara brings this First Amended Class Action Complaint and Demand for Jury Trial against Nintendo of America, Inc. ("Defendant" or "Nintendo") on his own behalf, and on behalf of a class of individuals who purchased Defendant's Nintendo Switch game system ("Switch") and Joy-Con controllers ("Controllers"), to seek redress for Defendant's sale of defective products.

2.       Nintendo's Switch Controllers contain a defect that causes the joystick to activate or drift on its own without the user actually manipulating the joystick (the "Joystick Defect"). Manual operation of the Controllers is part of the Switch's, and other video game consoles', core functionality. The Joystick Defect affects the video game play of the Switch and compromises the core functionality and overall usage of the Controllers and the Switch gaming console.

3.       On behalf of himself and the proposed class of individuals who purchased Defendant's Switch and/or Controllers, Plaintiff seeks damages against Defendant for selling products that are defective. Plaintiff, for his Class Action Complaint, alleges as follows upon

personal knowledge as to himself and his own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

4.     Defendant is a leading producer and manufacturer of video game consoles, controllers, and games sold throughout the country.

5.     The Nintendo Switch is one of Defendant's products that was released in March 2017. Defendant manufactures, markets, and sells the Switch and its Controllers.

6.     Defendant, who was in control of all operations regarding the Switch and its Controllers, was aware of the Joystick Defect through online consumer complaints, and through its own pre-release testing. Owners of Switch consoles have voiced their complaints to Nintendo dating as far back as 2017. However, despite its knowledge of the Joystick Defect, Defendant failed to, and continues to fail to, disclose the defect to consumers prior to them purchasing its Switch and Controllers, nor has Defendant taken any substantial action to remedy the problem.

7.     The Joystick Defect is a material defect, hindering overall usage of the Controllers and the Switch console itself, which deprives consumers of their expected use of the products.

8.     As a result of Defendant's conduct, consumers who purchased the Switch and/or its Controllers have suffered an ascertainable loss of money and property value. The Joystick Defect has caused Plaintiff and the proposed Class and Subclass to incur damages in the amount of monies spent on purchase of the defective Switch products that they would not have otherwise bought and monetary costs associated with attempting to repair or replace the Switch game consoles' Controllers.

## PARTIES

9.     Plaintiff Zachary Vergara is a natural person and a citizen of Illinois.

2

10.     Defendant Nintendo of America, Inc. is a Washington corporation with its principal place of business located in Redmond, WA. Defendant is registered to do business in Illinois and produces video game consoles, controllers, and games that are sold in Illinois, and elsewhere throughout the nation. Defendant advertises and sells its products, including the Switch and its Controllers, to thousands of consumers in Illinois and elsewhere across the country.

## VENUE AND JURISDICTION

11.     This Court has diversity jurisdiction under 28 U.S.C. § 1332(a) and (d), because: (i) at least one member of the putative class is a citizen of a state different from any Defendant; (ii) the amount in controversy as to all putative class members exceeds $5,000,000; and (iii) none of the exceptions under that subsection applies to the instant action.

12.      Venue is proper in the Northern District of Illinois because Defendant is subject to personal jurisdiction in this District, as Defendant is registered to and transacts significant business in this District, and a substantial part of the events in this action occurred in this District, as Plaintiff purchased the defective products at issue in Cook County.

## COMMON FACTUAL ALLEGATIONS

13.     Defendant is a producer and manufacturer of video game consoles, controllers, and games that are sold across Illinois, and elsewhere throughout the country.

14.     Defendant's Nintendo Switch video game console was released in March 3, 2017. The Switch is a hybrid console which means it can be used as both a stationary device that displays the video game on a television screen, similar to traditional game consoles, or as a portable device with its own built-in screen for playing games anywhere.

15.     The Switch's wireless Controllers (shown below) can operate as two separate Controllers, a left and a right, or they can be connected with a either a screen or grip accessory to

function like a traditional controller similar to the controllers produced for Xbox and PlayStation console systems. The Controllers include standard buttons, directional analog joysticks (outlined below), motion sensing, and tactile feedback.



16. The Joystick Defect exists in the directional analog joysticks. Specifically, the analog stick will falsely register user input, or "drift", on its own without the user actually manipulating the joysticks. This results in the gameplay being affected as if the user had activated the directional analog joystick when they in fact have not.

17. The Joystick Defect materially interferes with the user's gameplay and enjoyment of the Switch console since the entire purpose of the directional analog stick is to control the action of the video game.

18. The Nintendo Switch consoles purchased by Plaintiff and by many other users have exhibited this problem with their Controllers. Indeed, internet complaints by consumers about the

4

Joystick Defect date back to 2017 on forums that are monitored by Nintendo. The ensuing comments are a few examples of complaints submitted directly to Nintendo's support forums dealing with the Joystick Defect:

1) Matt Ryan (02/08/2018) **Right Joy-Con analog stick drifting**

"This problem happen about a week ago where the right analog for the joycon would made my camera go down in a lot of game or keep braking in Mario Kart. I'm not sure if my controller needs updating or something or the controller has a hardware problem. I've also been taking care of it, haven't dropped it or anything…"[1]

2) Herrmann (04/09/2018) **Problem with right joy-con analog stick**

"The analog stick on my right joycon will often move straight down on the Switch home menu or in game without any input, this is corrected when I just move it around a little but it happens enough to hinder me in games such as Splatoon 2. Any known solutions to this issue?"[2]

3) Gilan101 (07/03/2018) **Left Joy-Con Analog Stick keeps drifting**

"The analog stick on my left joy-con keeps drifting, usually to the left, but sometimes to the right…I've attempted to recalibrate the left analog stick, but I can't, because it never thinks it's in the neutral position, so it never moves past the first 'release' screen."[3]

4) Roland (08/24/2017) **Left joy con**

"My left joy con's control stick is acting weird. It takes a while for the switch to register it being pushed up or down, I rested it to factory settings yet it still does this. And this hinders most in splatoon cuz it refuses to move backwards. And sometimes it regiters it going up even tho im not touchin the control stick."[4]

19.     These complaints, and many other similar ones regarding the Joystick Defect, are numerous can be found on many different forums throughout the internet.

---

[1] https://en-americas-support.nintendo.com/app/social/questions/detail/qid/72443/kw/joy-con%20analog

[2] https://en-americas-support.nintendo.com/app/social/questions/detail/qid/73199/kw/joy-con%20analog

[3] https://en-americas-support.nintendo.com/app/social/questions/detail/qid/74214/kw/joy-con%20analog

[4] https://en-americas-support.nintendo.com/app/social/questions/detail/qid/70002/kw/joy-con%20drifting

20.     However, Nintendo, who monitors its own support forums and has been long aware of the Joystick Defect, has not taken any measures to fix the issue with the Switch's Controllers. Additionally, Defendant refuses to disclose the problem to consumers prior to their purchase of the Switch and/or its Controllers.

21.     As a result of Defendant's actions, Switch owners have suffered damages for loss of use of their Switch and Controllers, and are forced to either send their Controllers to Defendant and pay for them to be repaired, purchase a self-repair kit and fix the problem themselves, or replace the Controllers altogether. Accordingly, owners of Defendant's Switch console have suffered monetary losses as a result of the Joystick Defect.

22.     The Nintendo Switch can be purchased for approximately $300.00, and which includes two of the Controllers. The Controllers can also be purchased separately for approximately $75.99 for the pair, or $49.99 individually.

## FACTS SPECIFIC TO PLAINTIFF

23.     In November 2017, Plaintiff purchased a Nintendo Switch from a Best Buy store located in Chicago, Illinois which included the Switch video game console and the Controllers.

24.     Approximately 14 months after his purchase, Plaintiff's Switch began experiencing the Joystick Defect, with the controller input drifting in the left Joy-Con Controller. The drifting interfered with Plaintiff's ability to play his Switch console and the controller eventually became unusable for gameplay.

25.     As a result of the Joystick Defect, the left Joy-Con Controller had to be replaced with a replacement controller from a third-party, which cost $19.99.

6

26. However, shortly after replacing the left Joy-Con Controller, the right Joy-Con Controller started to exhibit the same Joystick Defect that made the left Joy-Con Controller unusable.

27. Because the drifting was a persistent problem with Plaintiff's Controllers, Plaintiff had to have his Controllers disassembled and so that two replacement directional analog joysticks could be installed, which cost $14.99.

28. Plaintiff and the other members of the Class were led to believe, based on representations made through Defendant's advertising and product packaging, that the Switch game consoles, and the included Controllers that they purchased were new, fully functional, and free from any defects that would interfere with their ability to use the Switch and its Controllers for its intended use as a video game console.

29. Plaintiff and the other members of the Class were deceived and/or misled by Defendant's misrepresentations regarding the quality and functionality of the Switch and the Controllers which they purchased. These misrepresentations, and omissions, were a material factor that influenced Plaintiff's and the other Class members' decisions to purchase Defendant's Switch console and the Controllers that it came with.

30. At the time Plaintiff purchased the Nintendo Switch, he was unaware of the Joystick Defect, nor did Nintendo disclose this material defect despite its knowledge of the issue. Had Plaintiff known about the defect prior to his purchase, he would not have purchased the Switch counsel or would have paid substantially less for it.

31. As a result, Plaintiff, like the other members of the Class, has been damaged in the amount of his purchase of Defendant's Nintendo Switch that unbeknownst to him had the Joystick Defect, as well as monies he spent in attempting to repair the Joystick Defect—$334.98 in total.

7

## CLASS ACTION ALLEGATIONS

32.     Plaintiff brings this action on behalf of himself and a nationwide class (the "Class"), with one subclass (the "Subclass") defined as follows:

(i)     The Class: All persons in the United States who, within the applicable statute of limitations, purchased Defendant's Nintendo Switch or Controllers in the United States.

(ii)    The Subclass: All persons in the United States who, within the applicable statute of limitations, purchased Defendant's Nintendo Switch or Controllers in Illinois.

33.     Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class and Subclass. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and Subclass and have the financial resources to do so. Neither Plaintiff nor his counsel have any interest adverse to those of the other members of the Class and Subclass.

34.     Absent a class action, most members of the Class and Subclass would find the cost of litigating their claims to be prohibitive and would have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

35.     Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class and Subclass, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and

Subclass, and making injunctive or corresponding declaratory relief appropriate for the Class and Subclass as a whole.

36.     The factual and legal bases of Defendant's liability to Plaintiff and to the other members of the Class and Subclass are the same, resulting in injury to the Plaintiff and to all of the other members of the Class and Subclass. Plaintiff and the other members of the Class and Subclass have all suffered harm and damages as a result of Defendant's unlawful and wrongful conduct.

37.     Upon information and belief, there are thousands, if not millions, of members of the Class and Subclass such that joinder of all members is impracticable.

38.     There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class and Subclass, and those questions predominate over any questions that may affect individual members of the Class and Subclass. Common questions for the Class and Subclass include, but are not limited to, the following:

(a)     Whether Defendant engaged in the unlawful conduct alleged herein;

(b)     Whether Defendant's Joy-Con Controllers are defective;

(c)     Whether Defendant breached any warranties in manufacturing and selling its defective Joy-Con Controllers.

(c)     Whether, Plaintiff and the other members of the Class and Subclass have suffered ascertainable monetary losses; and

(d)     Whether Plaintiff and the other members of the Class and Subclass are entitled to monetary remedies.

9

## COUNT I
## Breach of Express Warranty

39.     Plaintiff hereby incorporates the above allegations by reference as though fully set forth herein.

40.     Defendant, as the marketer, distributor, and manufacturer of the Switch and the included Controllers that were purchased by Plaintiff and the other members of the Class and Subclass, is a "merchant" as defined under the Uniform Commercial Code ("UCC"). The Switch and the included Controllers are "goods" as defined under the UCC.

41.     Defendant expressly warranted to Plaintiff, as well as the other members of the Class and Subclass, that its Switch and the included Controllers were of high quality and functionality, or at minimum that the products would actually work for their intended purpose as a video game system with controllers that accurately registered user input.

42.     These affirmations of fact and promises regarding the quality and functionality of Defendant's products were part of the basis of the bargain between Defendant and Plaintiff, as well as with the other members of the Class and Subclass. Plaintiff, like the other members of the Class and Subclass, would not have purchased Defendant's Switch product, or would have paid materially less for it, had he known that these affirmations and promises were false.

43.     Defendant breached the express warranties it represented about the quality and functionality of its Switch and the included Controllers because, as set forth above, the Switch product purchased by Plaintiff, like those purchased by the other members of the Class and Subclass, was not of the same quality and did not function as warranted by Defendant as it did not accurately register user input due to the Joystick Defect.

44.     As a direct and proximate result of Defendant's breach of its express warranties, Plaintiff, like the other Class and Subclass members, suffered damages by purchasing Defendant's

Switch which he would not have otherwise purchased, or would have paid materially less for, had he known that it was not of the quality and functionality as warranted, as well as monetary damages for funds spent to fix and replace his Controllers.

## COUNT II
## Breach of Implied Warranty

45.     Plaintiff hereby incorporates the above allegations by reference as though fully set forth herein.

46.     Defendant, as the marketer, distributor, and manufacturer of the Switch and the included Controllers that were purchased by Plaintiff and the other members of the Class and Subclass, is a "merchant" as defined under the Uniform Commercial Code ("UCC").

47.     The Switch and the included Controllers are "goods" as defined under the UCC.

48.     The implied warranty of merchantability is codified in Section 2-314 of the Uniform Commercial Code ("UCC") and requires that goods are fit for the ordinary purposes for which such goods are used.

49.     Most states' laws provide for enforcement of the implied warranty of merchantability through their adoption of the UCC, including in Illinois pursuant to 810 ILCS 5/2-314, as well as other states where Defendant's Switch and Controller products are sold.

50.     Plaintiff, like the other Class and Subclass members, purchased Defendant's Switch and the included Controllers in a consumer transaction.

51.     Defendant's Switch and the included Controllers were not fit for the ordinary purpose for which such goods are used because the Joystick Defect rendered the Controllers and accompanying Switch counsel inoperable as the Controllers would not accurately record user input.

11

52.     As a result of Defendant's breach of warranty, Plaintiff, like the other Class and Subclass members, suffered damages by purchasing Defendant's Switch which he would have not purchased, or would have paid materially less for, had he known that it was not fit for its ordinary use as a gaming console, as well as monetary damages for funds spent to fix and replace his Controllers.

WHEREFORE, Plaintiff prays for an award of actual damages in the amount of $334.98 for Plaintiff.

Dated:  March 21, 2020                    Respectfully submitted,

                                          By: /s/ Eugene Y. Turin                  

                                          Eugene Y. Turin
                                          **MCGUIRE LAW, P.C.** (firm ID 56618)
                                          55 W. Wacker Drive, 9th Fl.
                                          Chicago, IL 60601
                                          Tel: (312) 893-7002
                                          Fax: (312) 275-7895
                                          eturin@mcgpc.com

                                          *Counsel for Plaintiff and the Putative Class*