**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ZACHARY VERGARA, individually and on behalf of a class of similarly situated individuals,<br><br>                  Plaintiff,<br><br>    v.<br><br>NINTENDO OF AMERICA INC., a Washington corporation,<br><br>               Defendant. | No. 1:19-cv-06374<br><br>Honorable Gary S. Feinerman<br><br>Magistrate Judge Jeffrey T. Gilbert |

**NINTENDO OF AMERICA INC.'S OPPOSITION TO
PLAINTIFF'S MOTION TO AMEND COMPLAINT**

147773855

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................ 1

II.     BACKGROUND ................................................................. 2

     A.    Mr. Vergara Agreed to the EULA, Including Its Individual Arbitration Provision and Its Clause Selecting King County, Washington, as the Exclusive Venue for Any Non-Arbitrable Claims ................................................. 2

     B.    Mr. Vergara Disregarded the Agreement to Individually Arbitrate, Filing in Court a Large Putative Class Action and Forcing Nintendo to Move to Compel Arbitration Under the EULA ................................................. 3

     C.    In Response to Nintendo's Motion, Mr. Vergara Did Not Contest that He Agreed to Individual Arbitration and Instead Relied—Incorrectly—on the EULA's Small-Claims Exception to Try to Evade the Agreement ..................... 3

     D.    Having Been Confronted with the Flaws in His Position About the Small-Claims Exception, Mr. Vergara Now Further Attempts to Skirt the Agreement to Arbitrate by Seeking to Amend His Complaint ........................... 4

III.    ARGUMENT ...................................................................... 5

     A.    Legal Standard ........................................................... 5

     B.    Mr. Vergara Inexplicably Delayed Seeking to Amend His Complaint, Waiting Weeks After Nintendo's Reply and Weeks More After the Court's Hearing on Nintendo's Motion to Compel Arbitration .......................... 5

     C.    Regardless, Mr. Vergara's Attempt to Amend His Complaint Is Futile, and His Action Cannot Be Maintained in this Court ................................... 8

          1.    The "Clarified" Relief Mr. Vergara Now Asserts—on Behalf of a Nationwide Class of "Thousands, if Not Millions" and an Illinois Subclass—Still Far Exceeds What He Could Recover in Small-Claims Court ........................................................ 8

          2.    Mr. Vergara Continues to Ignore the EULA's Exclusive-Venue Provision, Under Which He Cannot Proceed in This Court Even if His Action Is Not Subject to Arbitration ................................. 12

IV.   CONCLUSION ................................................................... 14

i

# TABLE OF AUTHORITIES

**Page**

CASES

Abbott Labs. v. Takeda Pharm. Co.,
   476 F.3d 421 (7th Cir. 2007) ................................................................12

Acharya v. Microsoft Corp.,
   354 P.3d 908 (Wash. Ct. App. 2015) ............................................12, 13

Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.,
   571 U.S. 49 (2013)................................................................................12

Botorff v. Amerco,
   2012 WL 6628952 (E.D. Cal. Dec. 19, 2012) ......................................10

Brodsky v. Match.com LLC,
   2009 WL 3490277 (S.D.N.Y. Oct. 28, 2009) ..................................7, 14

Chang v. Johnson,
   2003 WL 22121049 (Wash. Ct. App. Sept. 15, 2003) (unpublished)....................................11

Crest Hill Land Dev., LLC v. City of Joliet,
   396 F.3d 801 (7th Cir. 2005) ..................................................................5

Deadco Petro. v. Trafigura AG,
   617 F. App'x 636 (9th Cir. 2015) .....................................................7, 14

Dean Witter Reynolds, Inc. v. Byrd,
   470 U.S. 213 (1985)..............................................................................11

Doherty v. Davy Songer, Inc.,
   195 F.3d 919 (7th Cir. 1999) ..................................................................5

Driveline Sys., LLC v. Arctic Cat, Inc.,
   2014 WL 6674721 (N.D. Ill. Nov. 24, 2014) .........................................7

Fischer v. Magyar Allamvasutak Zrt.,
   777 F.3d 847 (7th Cir. 2015) ................................................................13

Gadomski v. Wells Fargo Bank, N.A.,
   281 F. Supp. 3d 1015 (E.D. Cal. 2018)..............................................9, 10

Gandhi v. Sitara Capital Mgmt., LLC,
   721 F.3d 865 (7th Cir. 2013) ..................................................................5

# TABLE OF AUTHORITIES

**Page**

*Johnson v. Orkin, LLC*,
   556 F. App'x 543 (7th Cir. 2014) ....................................................................7, 11

*Ky. Ins. Guar. Ass'n v. S&A Constr., LLC*,
   2017 WL 3090304 (W.D. Ky. Feb. 28, 2017) ..................................................7, 14

*Lundquist v. Seattle Sch. Dist. No. 1*,
   2019 WL 7483935 (Wash. Ct. App. Dec. 18, 2019) (unpublished) ........................10

*Mueller v. Apple Leisure Corp.*,
   880 F.3d 890 (7th Cir. 2018) ................................................................................13

*Paper Exp., Ltd. v. Pfankuch Maschinen GmbH*,
   972 F.2d 753 (7th Cir. 1992) ................................................................................12

*Park v. City of Chi.*,
   297 F.3d 606 (7th Cir. 2002) ..............................................................................5, 6

*Portfolio Recovery Assocs., LLC v. Lee*,
   2019 WL 6716367 (Ill. Ct. App. Dec. 9, 2019) (unpublished) .............................10

*Reeners v. Verizon Commc'ns, Inc.*,
   2011 WL 2791262 (M.D. Tenn. July 14, 2011) ..................................................10

*Sigsworth v. City of Aurora, Ill.*,
   487 F.3d 506 (7th Cir. 2007) ..................................................................................8

*Thompson v. Ill. Dep't of Prof'l Reg.*,
   300 F.3d 750 (7th Cir. 2002) ..................................................................................7

*Villars v. Kubiatowski*,
   128 F. Supp. 3d 1039 (N.D. Ill. 2015) ..................................................................7

*W. Consultants, Inc. v. Davis*,
   310 P.3d 824 (Wash. Ct. App. 2013) ....................................................................12

*Washington v. Cool Heat, Inc.*,
   2016 WL 6197649 (Ill. Ct. App. Oct. 21, 2016) (unpublished) ...........................10

*Waynesborough Country Club of Chester Cty. v. Diedrich Niles Bolton
   Architects, Inc.*,
   2011 WL 1873094 (E.D. Pa. May 17, 2011) ..........................................................7

**STATUTES**

Wash. Rev. Code § 12.40.010...................................................................................3

147773855

## TABLE OF AUTHORITIES

**Page**

Wash. Rev. Code § 12.40.010(1)(a) ................................................................9

Wash. Rev. Code § 12.40.027................................................................10

**RULES**

Fed. R. Civ. P. 15(a) ................................................................5, 8

Ill. Sup. Ct. R. 281 ................................................................9

# I.    INTRODUCTION

Recognizing that he failed to bring an action within the End-User License Agreement's ("EULA") exception for small-claims court and that he cannot overcome Nintendo's motion to compel arbitration, Plaintiff Zachary Vergara now attempts to "clarify" the relief he seeks by amending his Complaint. That clarification is both unduly delayed and does not change the Complaint's fatal flaws: Mr. Vergara has not asserted a small claim, he has not brought any claims in small-claims court, and he has not brought any claims in small-claims court in Washington where he would be required to do so. Mr. Vergara continues to try to maintain in this Court a putative class action on behalf of "thousands, if not millions" of consumers who in the aggregate seek well over the $10,000 small-claims-court jurisdictional limit. As much as Mr. Vergara might wish otherwise, that relief is not available in small-claims court.

To start, Mr. Vergara inexplicably delayed in seeking to amend his Complaint. He waited several weeks *after* the Court expressed skepticism with his attempt to shoehorn his action into the small-claims exception and *after* Nintendo pointed out in its motion-to-compel reply brief the many flaws with his position. The delay serves only to prolong these proceedings in which Mr. Vergara ignores his agreement with Nintendo to arbitrate any claims. The Court should reject Mr. Vergara's dilatory tactics, which continue to prejudice Nintendo by denying it the benefits of arbitration.

In addition, Mr. Vergara's proposed amendment is futile because he *again* asserts a putative class action on behalf of millions of consumers whose aggregate relief still far exceeds what he can assert in small-claims court. Mr. Vergara also ignores that, even if his proposed amendment allowed him to hypothetically satisfy the small-claims court's jurisdictional limit, he still could not assert his claims in this Court. If the arbitration provision does not apply to his

action, the EULA requires that any such action be brought in King County, Washington. Nowhere does Mr. Vergara even mention that exclusive-venue provision, let alone explain why it would not apply here. The proposed amendment is therefore futile because Mr. Vergara's action cannot proceed in this Court no matter whether the small-claims exception applies.

Because Mr. Vergara unduly delayed in seeking the amendment, causing prejudice to Nintendo, and because the proposed amendment would also be futile, the Court should deny Mr. Vergara's Motion.

## II.     BACKGROUND

### A.     Mr. Vergara Agreed to the EULA, Including Its Individual Arbitration Provision and Its Clause Selecting King County, Washington, as the Exclusive Venue for Any Non-Arbitrable Claims

When Mr. Vergara agreed to the EULA during the setup process for his Switch video-game console, he agreed to mandatory individual arbitration.[1] Declaration of Kristopher Kiel in Support of Mot. to Compel ("Kiel Decl."), ECF No. 18 (Dec. 2, 2019) ¶ 16. He was explicitly told during that process that if he did not want to agree to the EULA he could return his console for a full refund, and he chose to decline that option. *Id.* ¶¶ 11, 18. Mr. Vergara was also informed that he could opt out of the arbitration provision within 30 days of his purchase, and he also chose to decline that option. *Id.* ¶ 19.

The arbitration provision to which Mr. Vergara agreed covers "[a]ny matter" Nintendo and a consumer "are unable to resolve" as well as "all disputes or claims arising out of or relating to" the EULA. *Id.* ¶ 7, Ex. A ("EULA") at 7 (Section 7(A)).[2] It also contains a small-claims exception that carves out from the arbitration provision claims falling within the jurisdiction of a

---

[1] Nintendo further detailed in its motion to compel the EULA-acceptance process and the relevant EULA provisions. Mem. in Support of Mot. to Compel, ECF No. 17 (Dec. 2, 2019) at 6–10. For this Opposition, Nintendo discusses only the factual background directly relevant to Mr. Vergara's Motion to Amend.

[2] For citations to the EULA, Nintendo cites the page numbers generated by the Court's ECF filing system.

147773855

small-claims court. *Id.* at 8 (Section 7(C)) (excluding from arbitration "any Claim . . . that may be brought in small-claims court"). For any claims not subject to the arbitration provision, the parties agreed "to the exclusive jurisdiction of the courts located in King County, Washington, U.S.A." *Id.* at 8 (Section 9(A)). Small-claims court is available in King County. Wash. Rev. Code § 12.40.010.

**B. Mr. Vergara Disregarded the Agreement to Individually Arbitrate, Filing in Court a Large Putative Class Action and Forcing Nintendo to Move to Compel Arbitration Under the EULA**

Mr. Vergara ignored the agreement to individual arbitration and in August 2019 filed in the Chancery Division of the Illinois Circuit Court a class action for a judgment exceeding $5 million and seeking injunctive and other equitable relief. *See* Ex. 1 to Not. of Removal, ECF No. 1-2 (Sept. 25, 2019) at 2–18. Nintendo removed the action to this Court under the Class Action Fairness Act because, among other things, Mr. Vergara's putative class action placed in controversy more than $5 million. *See* Not. of Removal, ECF No. 1 (Sept. 25, 2019). Mr. Vergara did not challenge Nintendo's removal, implicitly conceding the amount in controversy, and Nintendo soon after moved to compel arbitration in accordance with the EULA. *See* Mot. to Compel, ECF No. 16 (Dec. 2, 2019).

**C. In Response to Nintendo's Motion, Mr. Vergara Did Not Contest that He Agreed to Individual Arbitration and Instead Relied—Incorrectly—on the EULA's Small-Claims Exception to Try to Evade the Agreement**

In response to Nintendo's motion, Mr. Vergara did not contest that he had agreed to the EULA, including the arbitration provision and the forum-selection clause. *See* Opp. to Mot. to Compel, ECF No. 24 (Jan. 24, 2020). He instead raised the specious argument that his action can remain in this Court because it falls within the arbitration provision's exception for small-claims actions. *Id.* at 3–7. He argued that he can proceed with a class action here rather than an individual action in arbitration because he *could* have limited his claim to reimbursement only

- 3 -

and *could* have brought an individual action in small-claims court to recover damages of only $361.98. *Id.* at 4–5.

In reply, Nintendo outlined the baselessness of Mr. Vergara's position. Mr. Vergara had not—as he incorrectly suggested—filed in small-claims court or limited his claims to only $361.98 in damages. He instead sought unspecified damages for a large nationwide class and Illinois subclass of consumers that far exceeded the $10,000 small-claims jurisdictional limit, and he sought broad equitable relief not available in small-claims court. Reply in Support of Mot. to Compel, ECF No. 25 (Feb. 14, 2020) at 10–17. Nintendo also showed that Mr. Vergara could not maintain his action in this Court even if the action satisfied the small-claims exception because the parties agreed to exclusive venue in King County, Washington, for any action not subject to arbitration. *Id.* at 18–19.

On February 26, 2020, the Court heard oral argument on Nintendo's motion to compel. *See* Min. Entry, ECF No. 28 (Feb. 26, 2020). The Court was skeptical of Mr. Vergara's position, noting, among other things, the inconsistency between Mr. Vergara attempting to use an exception for small-claims actions to maintain an action in this Court and the assertion that this Court could somehow maintain jurisdiction because it could later limit relief to the small-claims jurisdictional limit.

**D. Having Been Confronted with the Flaws in His Position About the Small-Claims Exception, Mr. Vergara Now Further Attempts to Skirt the Agreement to Arbitrate by Seeking to Amend His Complaint**

Reading the writing on the wall, Mr. Vergara moved several weeks later—March 21, 2020—to amend his Complaint in another bid both to avoid the agreement to arbitrate and to avoid actually litigating in small-claims court. Mot. to Amend, ECF No. 34 (Mar. 21, 2020). Mr. Vergara now seeks to limit his claims to those for implied and express breach of warranty and his personal alleged damages to $334.98. Mem. in Support of Mot. to Amend, ECF No. 35 (Mar.

- 4 -

147773855

21, 2020) at 4; Ex. A to Mem. in Support of Mot. to Amend, ECF No. 35-1 (Mar. 21, 2020) ¶¶ 31, 39–52. He nonetheless continues to assert those claims on behalf of a nationwide class of "thousands, if not millions" of consumers and an Illinois subclass. Ex. A to Mem. in Support of Mot. to Amend, ECF No. 35-1 (Mar. 21, 2020) ¶ 37; *see also id.* ¶ 10.

## III.    ARGUMENT

### A.    Legal Standard

Federal Rule of Civil Procedure 15(a) does "not mandate that leave [to amend] be granted in every case." *Park v. City of Chi.*, 297 F.3d 606, 612 (7th Cir. 2002); *see also Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("District courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." (internal quotation marks omitted)); *Crest Hill Land Dev., LLC v. City of Joliet*, 396 F.3d 801, 804 (7th Cir. 2005) ("[L]eave to amend is not automatically granted."). When amendment would be futile or the plaintiff unjustifiably delayed seeking an amendment and the delay prejudices the opposing party, courts should deny leave to amend. *See Gandhi v. Sitara Capital Mgmt., LLC*, 721 F.3d 865, 868 (7th Cir. 2013).

### B.    Mr. Vergara Inexplicably Delayed Seeking to Amend His Complaint, Waiting Weeks After Nintendo's Reply and Weeks More After the Court's Hearing on Nintendo's Motion to Compel Arbitration

Putting aside for now the futility of the proposed amendment, Mr. Vergara has unnecessarily delayed seeking to amend his complaint, continuing to prejudice Nintendo by prolonging this court proceeding and depriving Nintendo of the economic and temporal benefits of arbitration. Because his delay prejudices Nintendo, the Court should exercise its discretion to deny his motion to amend. *See Doherty v. Davy Songer, Inc.*, 195 F.3d 919, 922 (7th Cir. 1999).

- 5 -

On December 2, 2019, Nintendo moved to compel arbitration under the EULA. Since at least then, Mr. Vergara could have moved to amend his complaint if he had wished to make a more-credible attempt to invoke the EULA's small-claims exception. He did not. Rather, he opposed Nintendo's motion, ignoring that he had not pleaded a small-claims action under both the plain language of Illinois's and Washington's small-claims statutes and case law from across the country.[3] He also did not move to amend his Complaint after Nintendo's reply in support of the motion to compel pointed out the flaws with Mr. Vergara's position that his claims could somehow fall within the small-claims exception. Nor did he move to amend his Complaint immediately after the Court heard argument on Nintendo's motion and expressed skepticism with Mr. Vergara's attempt to paint his sweeping class action as a small-claims action. Mr. Vergara waited five weeks after Nintendo's reply and nearly a month after the Court questioned his position. Mr. Vergara's delay is, under the circumstances, without justification. *See Park*, 297 F.3d at 613 (holding that amendment can be denied for undue delay and dilatory motive).

And yet, Mr. Vergara says nothing about his delay, offering no reason why he could not have earlier sought to amend his Complaint when it should have been clear he was fighting a losing battle. Mr. Vergara argues only that Nintendo will not be prejudiced by his proposed amendment because this case has been pending for a relatively short amount of time. Mem. in Support of Mot. to Amend, ECF No. 35 (Mar. 21, 2020) at 4–5.

But of course Mr. Vergara's continued delay prejudices Nintendo. The parties agreed to individual arbitration to ensure efficient, cost-effective resolution for "[a]ny matter" Nintendo and a consumer "are unable to resolve" as well as "all disputes or claims arising out of or relating

---

[3] Nintendo maintains that for issues other than contract formation, the EULA's choice of Washington law applies. *See* EULA at 8 (Section 9). For purposes of determining whether Mr. Vergara has asserted a small-claims action that could be brought in small-claims court, however, Nintendo addresses both Illinois and Washington law because they are substantially similar on the topic.

147773855

to" the EULA. EULA at 7 (Section 7(A)). Mr. Vergara has repeatedly denied Nintendo the benefit of that bargain, first by filing a putative class action in court rather than by initiating individual arbitration, then by opposing on tenuous-at-best grounds Nintendo's motion to compel, and now by attempting to amend his Complaint weeks after the Court heard oral argument on the motion and forcing Nintendo to essentially re-brief the issues raised in the parties' briefing on the motion. With each procedural maneuver Mr. Vergara deploys, the prejudice to Nintendo grows. *See Thompson v. Ill. Dep't of Prof'l Reg.*, 300 F.3d 750, 759 (7th Cir. 2002) (holding that delay "prejudiced the defendants by forcing them to articulate reasons for dismissal" when the plaintiff had previously had "the opportunity to correct mistakes" that were "apparent since" the earlier motion to dismiss).

Moreover, Mr. Vergara's delay unnecessarily expends limited Court resources. *See Driveline Sys., LLC v. Arctic Cat, Inc.*, 2014 WL 6674721, at *5 (N.D. Ill. Nov. 24, 2014). At the February 26 hearing, the Court expressed skepticism with Mr. Vergara's arguments that the small-claims exception applies to Mr. Vergara's claims. Yet Mr. Vergara persists, attempting to amend without fully addressing the flaws in his Complaint that prompted the Court's questioning and that confirm that he cannot maintain in this Court his large class action. Mr. Vergara's persistence forces the Court to address yet another round of briefing on his ill-fated attempt to invoke the small-claims exception and his failure to abide by his agreement to arbitrate. Just as the continued delay prejudices Nintendo, it also needlessly taxes the judicial system.

Because Mr. Vergara has delayed for no reason whatsoever—let alone a good reason— and that delay prejudices Nintendo and the Court, the Court should deny Mr. Vergara's motion.

- 7 -

**C. Regardless, Mr. Vergara's Attempt to Amend His Complaint Is Futile, and His Action Cannot Be Maintained in this Court**

Even if Mr. Vergara's delay and the resulting prejudice does not warrant denying his Motion, the futility of his proposed amendment does. A proposed amendment is futile if it "could not withstand a motion to dismiss" or "restates the same facts." *Villars v. Kubiatowski*, 128 F. Supp. 3d 1039, 1043 (N.D. Ill. 2015). When a plaintiff seeks to amend their complaint to avoid arbitration, amendment is futile when the claims will nevertheless still be subject to arbitration under the parties' agreement. *See Johnson v. Orkin, LLC*, 556 F. App'x 543, 545 (7th Cir. 2014); *Waynesborough Country Club of Chester Cty. v. Diedrich Niles Bolton Architects, Inc.*, 2011 WL 1873094, at *9 (E.D. Pa. May 17, 2011).

A proposed amendment is likewise futile when, despite the amendment, a valid forum-selection clause requires the action to be litigated in a different jurisdiction. *See Deadco Petro. v. Trafigura AG*, 617 F. App'x 636, 639 (9th Cir. 2015); *Ky. Ins. Guar. Ass'n v. S&A Constr., LLC*, 2017 WL 3090304, at *3 (W.D. Ky. Feb. 28, 2017); *Brodsky v. Match.com LLC*, 2009 WL 3490277, at *1, 5 (S.D.N.Y. Oct. 28, 2009). Because Mr. Vergara's proposed amendment "cannot cure" these "deficiencies," he may not "receive leave to amend under Rule 15(a)." *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 512 (7th Cir. 2007).

**1. The "Clarified" Relief Mr. Vergara Now Asserts—on Behalf of a Nationwide Class of "Thousands, if Not Millions" and an Illinois Subclass—Still Far Exceeds What He Could Recover in Small-Claims Court**

Mr. Vergara now attempts to "clarify" the relief he seeks in order to skirt the agreement to arbitrate, but that clarification does not transform this action into one involving an individual small claim subject to the EULA's small-claims exception, much less an action *in* small-claims court. Mem. in Support of Mot. to Amend, ECF No. 35 (Mar. 21, 2020) at 1. Although Mr. Vergara's proposed amended complaint sheds some of the features that make his action

- 8 -

unsuitable for small-claims court, it does not shed *all* of those fatal features. Ex. A to Mem. in Support of Mot. to Amend, ECF No. 35-1 (Mar. 21, 2020) ¶¶ 10, 37. Specifically, the amount of relief Mr. Vergara seeks is not available in small-claims court.

Nintendo earlier showed that Mr. Vergara's Complaint did not assert an action subject to the small-claims exception because he sought relief unavailable in small-claims court—namely, unspecified damages and equitable relief, including an injunction and disgorgement of profits— and sought to do so on behalf of a large nationwide class. Reply in Support of Mot. to Compel, ECF No. 25 (Feb. 14, 2020) at 10–13 (citing Ill. Sup. Ct. R. 281 ("[A] small claim is a civil action based on either tort or contract for money not in excess of $10,000 . . . ."); Wash. Rev. Code 12.40.010(1)(a) (A small-claims action is one "for the recovery of money" that "does not exceed" $10,000.)). Nintendo also showed that Mr. Vergara's alternative position—that he could somehow focus solely on the individual portion of his Complaint while ignoring the portion related to the class—was similarly incompatible with small-claims court. *Id.* at 13–14.

All Mr. Vergara attempts now is to limit recovery for his *individual* claim to the type and amount available in small-claims court: individual damages of $334.98. Mem. in Support of Mot. to Amend, ECF No. 35 (Mar. 21, 2020) at 4. But—and this is key—Mr. Vergara *continues* to assert this action on behalf of a putative class of "thousands, if not millions" of consumers across the country and a putative subclass of Illinois consumers.[4] Ex. A to Mem. in Support of Mot. to Amend, ECF No. 35-1 (Mar. 21, 2020) ¶ 37; *see also id.* ¶ 10. Even if a class-action case could be brought in small-claims court, which it cannot, the damages Mr. Vergara seeks on behalf of the putative classes still far exceed the $10,000 small-claims jurisdictional limit. Ill.

---

[4] Even with the proposed amendment, the amount-in-controversy remains greater than $5 million under the Class Action Fairness Act because Mr. Vergara seeks to represent a nationwide class of "thousands, if not millions" of consumers. *See* Not. of Removal, ECF No. 1 (Sept. 25, 2019) at 3–5.

Sup. Ct. R. 281; Wash. Rev. Code 12.40.010(1)(a). Mr. Vergara's action, even if amended, must still be compelled to arbitration.[5]

To that end, as Nintendo discussed in its motion-to-compel reply, courts across the country have routinely recognized the commonsense principle that large class actions do not fall within small-claims exceptions to arbitration agreements. That principle continues to apply here and is implicitly recognized by Mr. Vergara's decision not to actually file in small-claims court. The flaw with the position Mr. Vergara advances—that an action seeking extensive damages for a class of consumers can be considered a small claim if the named plaintiff's own alleged damages are within the small-claims court's jurisdictional limits—is that Mr. Vergara does not, even with his amendment, seek to "mov[e] forward" as an individual. *Gadomski v. Wells Fargo Bank, N.A.*, 281 F. Supp. 3d 1015, 1021 (E.D. Cal. 2018). And moving forward with a "potential class of hundreds of thousands ensures the claims would exceed the jurisdictional limit" of Illinois and Washington small-claims courts. *Id.*; *see also Reeners v. Verizon Commc'ns, Inc.*, 2011 WL 2791262, at *2 (M.D. Tenn. July 14, 2011).

Even though Mr. Vergara now attempts to limit the damages he individually seeks, the fact remains that Mr. Vergara is not proceeding as a single plaintiff asserting an individual claim for limited damages in small-claims court, and the total relief he seeks for the potentially millions of putative class members far exceeds the $10,000-jurisdictional limit of small-claims court. The EULA's small-claims exception cannot and does not apply. *See Botorff v. Amerco*, 2012 WL 6628952, at *3 (E.D. Cal. Dec. 19, 2012); *Reeners*, 2011 WL 2791262, at *2 (rejecting the position that filing a "proposed nationwide class action" involving "damages clearly

---

[5] The Court has no occasion to consider the arbitration provision's class-action waiver because the parties delegated that issue to the arbitrator. *See* Mem. in Support of Mot. to Compel, ECF No. 17 (Dec. 2, 2019) at 16–18; Reply in Support of Mot. to Compel, ECF No. 25 (Feb. 14, 2020) at 12 n.3.

- 10 -

exceeding" the $10,000-limitation for small-claims court amounted to simply filing several "small claims" in a single court action).

Moreover, there is no indication that a class action of any size can properly be asserted in Illinois or Washington small-claims court. *See, e.g.*, *Portfolio Recovery Assocs., LLC v. Lee*, 2019 WL 6716367, at *1 (Ill. Ct. App. Dec. 9, 2019) (unpublished) (recognizing that class-action counterclaims filed in small-claims court had to be "transferred" to the court's "law division"); *Lundquist v. Seattle Sch. Dist. No. 1*, 2019 WL 7483935, at *1 (Wash. Ct. App. Dec. 18, 2019) (unpublished) (holding that "class actions are a specialized proceeding available in limited circumstances").

In any event, Illinois and Washington law are clear that the aggregate amount of damages sought cannot exceed the small-claims jurisdictional amount. *Washington v. Cool Heat, Inc.*, 2016 WL 6197649, at *6 (Ill. Ct. App. Oct. 21, 2016) (unpublished) (holding that the plaintiff did not assert a small-claims action because she pleaded three separate counts for $3,500 each, which together totaled more than the small-claims jurisdictional amount); Wash. Rev. Code 12.40.027 (requiring that a defendant's claims or counterclaims "in excess of the jurisdiction of small claims court" be brought in the "superior court as a separate action"). In short, a "small claims court is for small claims"—not for large nationwide class actions with more than $5 million in controversy. *Chang v. Johnson*, 2003 WL 22121049, at *1 (Wash. Ct. App. Sept. 15, 2003) (unpublished).

It is telling that Mr. Vergara does not address at all in his Motion to Amend the fact that he continues to assert his claims on behalf of a large class that seeks significant damages (or address the body of law undermining his position). But that fact disposes of his Motion: an

147773855

action involving a large nationwide class is not a small claim excluded from the parties' agreement to arbitrate, even if Mr. Vergara now individually seeks smaller damages.

Because Mr. Vergara's proposed claims would—just as with those asserted in his current Complaint—be compelled to arbitration and subject to dismissal (or a stay), Mr. Vergara's amendment is futile. *See Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) ("By its terms, the [Federal Arbitration] Act leaves no place for the exercise of discretion by a district court . . . ."); *Johnson*, 556 F. App'x at 545 (holding that the plaintiff's "proposed amendments were futile because the arbitration agreements require him to arbitrate").

### 2. Mr. Vergara Continues to Ignore the EULA's Exclusive-Venue Provision, Under Which He Cannot Proceed in This Court Even if His Action Is Not Subject to Arbitration

Should the Court conclude that it would not be futile for Mr. Vergara to amend because the class action he continues to assert is somehow subject to the EULA's small-claims exception, the amendment is futile for yet another reason: if Mr. Vergara's action is not subject to the arbitration provision, he can assert a civil action only in King County, Washington. Specifically, the EULA provides that if a claim is not subject to arbitration, the parties "consent to the exclusive jurisdiction of the courts located in King County, Washington, U.S.A." EULA at 8 (Section 9(A)). Thus, in any event, Mr. Vergara's action cannot be maintained in this Court because the parties agreed to a forum-selection clause that provides exclusively for venue elsewhere. *See Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 62 (2013).

When, as here, a contract contains a valid forum-selection clause, "the plaintiff's choice of forum merits no weight" and the action should proceed in the jurisdiction called for by the parties' agreement. *Id.* at 63; *see also Paper Exp., Ltd. v. Pfankuch Maschinen GmbH*, 972 F.2d 753, 756 (7th Cir. 1992) (holding that a forum-selection clause is mandatory when it "clearly

- 12 -

manifests an intent to make venue compulsory and exclusive"). The Court determines the validity of a forum-selection clause by referring "to the law of the jurisdiction whose law governs the rest of the contract." *Abbott Labs. v. Takeda Pharm. Co.*, 476 F.3d 421, 423 (7th Cir. 2007). Washington law—the law that governs under the EULA—is clear that forum-selection clauses like the one here are valid. *Acharya v. Microsoft Corp.*, 354 P.3d 908, 913 (Wash. Ct. App. 2015) (holding that "a forum-selection clause is presumptively valid and enforceable and the party resisting it has the burden of demonstrating that it is unreasonable . . . ." (internal quotation marks omitted)); *W. Consultants, Inc. v. Davis*, 310 P.3d 824, 828 (Wash. Ct. App. 2013) (holding that Washington courts "generally enforce a forum selection clause even if it is in a standard form consumer contract" (internal quotation marks omitted)); EULA at 8 (Section 9(A)).

Mr. Vergara agreed to King County, Washington, as the exclusive venue for any non-arbitrable claims with Nintendo and "waive[d] the right to challenge" as "inconvenient" that venue. *Atl. Marine*, 571 U.S. at 64. Mr. Vergara's only possible defense is that "public-interest factors overwhelmingly disfavor" enforcing the forum-selection clause. *Id.* at 67. But "[o]nly an exceptional public-interest justification can displace a contractual choice of forum." *Mueller v. Apple Leisure Corp.*, 880 F.3d 890, 894 (7th Cir. 2018) (internal quotation marks omitted).

Mr. Vergara has the burden of demonstrating that the forum-selection clause does not apply. *Acharya*, 354 P.3d at 913. He cannot meet that burden because he cannot show any exceptional public-interest justifications to disregard the agreed-to forum. Mr. Vergara purports to bring an action on behalf of a nationwide class, and so he cannot reasonably argue that this is a "localized dispute," that this Court is more "at home" with the various state law that would govern the breach-of-warranty claims, or that Washington citizens would be unduly

"burden[ed]" with "jury duty." *Fischer v. Magyar Allamvasutak Zrt.*, 777 F.3d 847, 868 (7th Cir. 2015). Nor can Mr. Vergara demonstrate any particular administrative deficiencies with the courts in Washington or that not enforcing the forum-selection clause would stave off any particularly thorny conflict-of-law issues. *Id.*

Tellingly, Mr. Vergara has never even acknowledged the forum-selection clause—not now in seeking to amend and not in opposing Nintendo's motion to compel arbitration. Mr. Vergara cannot simply pick the parts of the EULA he likes—the small-claims exception—and ignore those he doesn't like—the forum-selection clause. If he successfully invokes the small-claims exception (which he cannot), he must abide by the EULA's provisions that govern non-arbitrable claims. His willingness to ignore the forum-selection clause just reinforces the conclusion that Mr. Vergara has never asserted a small-claims action that would separate his action from the scope of the arbitration provision.

Mr. Vergara cannot maintain in this Court the action he asserts *even if* the Court concluded that his amended action falls within the EULA's small-claims exception because the non-arbitrable action would be subject to the EULA's forum-selection clause. Mr. Vergara's proposed amendment is therefore futile, and the Court should deny leave to amend. *See Deadco Petro.*, 617 F. App'x at 639 (affirming the district court's denial of leave to amend where the forum-selection clause required dismissal); *Ky. Ins. Guar. Ass'n, LLC*, 2017 WL 3090304, at *3 (holding that "[b]ecause the forum selection clause is enforceable," a "motion for leave to amend is futile"); *Brodsky*, 2009 WL 3490277, at *1, 5 (denying leave to amend because the forum-selection clause required transfer of the action).

## IV. CONCLUSION

The Court should deny Mr. Vergara's belated and ultimately futile attempt to amend his Complaint.

- 14 -

Dated: April 17, 2020                    Nintendo of America Inc.


By: s/ Eric J. Weiss
    One of Its Attorneys

    Christopher B. Wilson
    Kathleen A. Stetsko
    **PERKINS COIE LLP**
    131 S Dearborn Street # 1700
    Telephone: 312.324.8400
    Fax: 312.324.9400
    Email: CWilson@perkinscoie.com
    Email: KStetsko@perkinscoie.com

    David J. Burman (*pro hac vice*)
    Eric J. Weiss (*pro hac vice*)
    Mallory Gitt Webster
    **PERKINS COIE LLP**
    1201 Third Avenue, Suite 4900
    Seattle, WA 98101-3099
    Telephone: 206.359.8000
    Fax: 206.359.9000
    Email: DBurman@perkinscoie.com
    Email: EWeiss@perkinscoie.com
    Email: MWebster@perkinscoie.com

147773855

## <u>CERTIFICATE OF SERVICE</u>

On this date I caused to be served on each of the attorneys identified below, via the

delivery methods indicated below, a copy of the foregoing document:

| | |
|---|---|
| Eugene Y. Turin | **X**   Via the Clerk's eFiling Application |
| **MCGUIRE LAW, P.C.** | ___   Via U.S. Mail, 1st Class |
| 55 W. Wacker Drive, 9th Floor | ___   Via Overnight Delivery |
| Chicago, IL 60601 | ___   Via Facsimile |
| Telephone: 312.893.7002 | **X**   Via Email |
| Fax: 312.275.7895 | ___   Other: _____ |
| Email: eturin@mcgpc.com | |

*Attorney for Zachary Vergara*

Dated: April 17, 2020                               By: <u>s/ Mallory Gitt Webster</u>

- 16 -