**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| ZACHARY VERGARA, individually and on behalf of a class of similarly situated individuals, | ) ) ) ) | |
| *Plaintiff*, | ) ) | No. 19-cv-06374 |
| v. | ) ) | Hon. Gary S. Feinerman |
| NINTENDO OF AMERICA INC., a Delaware Limited Liability Company, | ) ) ) | Magistrate Judge Jeffrey T. Gilbert |
| *Defendant*. | ) ) | |

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

**I.      INTRODUCTION**

Defendant Nintendo of America, Inc.'s ("Defendant") opposition to Plaintiff's Motion for Leave to File First Amended Complaint (Dkt. 40) ("Opposition Brief") largely concedes – as it must – that Plaintiff's proposed First Amended Complaint addresses many of the issues that this Court sought clarification on during oral argument on Defendant's Motion to Compel Arbitration. (Dkts. 16, 25, 28.) Indeed, Plaintiff's proposed First Amended Complaint resolves any questions about the relief he is seeking for his claims against Defendant and that they qualify for small claims court. Defendant's arguments to the contrary that Plaintiff's amendment was dilatory fails because Defendant cannot demonstrate *any* real prejudice from the just three-week interval between this Court's oral argument hearing and Plaintiff filing his Motion for Leave to Amend. (Dkt. 35) (Motion to Amend). Nor do Defendant's arguments that Plaintiff's amendment is futile because the class allegations somehow convert his "claim" fare any better now than in its original Motion to Compel. Finally, it is ironic for Defendant to claim Plaintiff's amendment is

dilatory when it itself raises a last-minute attempt to argue that venue before this Court is improper. If Defendant was as concerned with conserving its and the Court's resources as it claims, it should have raised this argument in its original Motion to Compel. Failing to do so, Defendant has waived its venue argument. As such, and as explained in further detail below, Plaintiff should be permitted to file his First Amended Complaint so that he may have any opportunity to properly present his claims before the Court.

## II. ARGUMENT

### A. Plaintiff Did Not Unduly Delay Seeking Amendment.

Defendant's argument that Plaintiff unduly delayed seeking amendment is against the overwhelming weight of the case-law on the subject and fails to identify any actual prejudice that it has suffered. Specifically, Plaintiff moved for leave to file his proposed First Amended Complaint on March 21, 2020, just 24 days after the Court held oral argument on Defendant's Motion to Compel Arbitration and raised significant concerns regarding the manner in which Plaintiff had pled his claims. (Dkts. 28, 34.) Courts in this district have regularly permitted parties leave to amend after *significantly* greater delay than just three weeks. *See, e.g., Lyons v. Cook Cty.*, No. 14-cv-6361, 2015 WL 6673901, at *2 (N.D. Ill. Oct. 30, 2015) (granting leave to amend and finding that three month delay was not "undue"); *Cowart v. David J. Axelrod & Assocs.*, No. 03-cv-5341, 2004 WL 1013352, at *2 (N.D. Ill. Apr. 27, 2004) (finding no undue delay where the plaintiff filed her motion for leave to amend six weeks after the court's ruling on a motion to dismiss in a suit that had been pending for eight months); *Feltman v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, No. 06-cv-2379, 2009 WL 3151878, at *3 (N.D. Ill. Sept. 25, 2009) (finding that a four month delay was not undue); *Servpro Indus., Inc. v. Schmidt*, No. 94-cv-5866, 1997 WL 361591, at *4 (N.D. Ill. June 20, 1997) (finding that a three month delay

was not undue). As such, the brief three-week time period before Plaintiff was able to prepare and file his Motion for Leave to Amend can hardly be described as "undue delay."[1]

Further, and more critically, "a motion for leave to amend will not be denied on the basis of undue delay unless the delay in presenting the amendment results in undue prejudice." *Ash v. Theros Int'l Gaming, Inc.*, No. 99-cv-5140, 2001 WL 869621, at *2 (N.D. Ill. Aug. 1, 2001) (citing *Tragarz v. Keene Corp.*, 980 F.2d 411, 431 (7th Cir. 1993)). Here, Defendant fails to articulate any clear undue prejudice other than simply having to respond to Plaintiff's Motion for Leave to Amend. However, the fact that Plaintiff actually removed counts from his proposed First Amended Complaint and streamlined his pleading cuts directly against Defendant's argument. *Lyons*, 2015 WL 6673901, at *3 ("undue prejudice occurs when the amendment bring entirely new and separate claims, adds new parties, or at least entails more than an alternative claim or a change in the allegations of the complaint") (citing *In re Ameritech Corp.*, 188 F.R.D. 280 (N.D. Ill. 1999)); *see also Cowart*, 2004 WL 1013352, at *3 ("Almost every amendment to a complaint will result in some prejudice to the defendant"). Here, the remaining causes of action in Plaintiff's proposed First Amended Complaint are the same ones that were previously raised in Plaintiff's original Complaint, which is precisely why Defendant had to spend very little effort in responding to Plaintiff's Motion to Amend and largely raised the same arguments as before. *See Douglas Press, Inc. v. Tabco Inc.*, No. 00-cv-7338, 2004 WL 1144054, at *2 (N.D. Ill. May 17, 2004) ("finding no undue prejudice where claims were similar to those in original complaint") (citing *Bower v. Jones*, 978 F.2d 1004, 1010 (7th Cir. 1992)).

---

[1] Plaintiff's lead counsel, Eugene Y. Turin, required the additional time to prepare the motion and proposed amended complaint due to out-of-state depositions that he had to attend in Nashville, Tennessee on March 2, 2020 and Houston, Texas on March 11, 2020 in the matter of *Abdallah v. FedEx Corp. Servs. Inc.*, No. 16-cv-03967 (N.D. Ill.) as well as providing care for his ailing father who passed away on April 1, 2020.

Nor can Defendant credibly argue that Plaintiff is "unnecessarily expend[ing] limited Court resources." (Opposition Brief at 7.) As Plaintiff stated in his Motion to Amend, Plaintiff's efforts actually conserved the Court's and the Parties' resources because Plaintiff was fully within his right to simply voluntarily dismiss this case under Fed. R. Civ. P. 41(a)(1)(A)(i) and require Defendant to respond to his First Amended Complaint completely anew. Instead, Plaintiff proceeded with his Motion to Amend allowing Defendant to continue with litigation before this Court and with the record already on file. Whatever "prejudice" that Defendant attempts to argue was created by Plaintiff's filing of his Motion to Amend falls far short of any "undue" prejudice, especially given the minimal additional effort needed to brief and decide this motion.

      **B.**      **Plaintiff's Motion for Leave to Amend is Not Futile and Directly Addresses the Deficiencies Raised by the Court During Oral Argument.**

Actually turning to the merits of Plaintiff's Motion to Amend, Defendant raises many of the same arguments that it raised in its original Motion to Compel. (Dkt. 17.) However, critically, Defendant admits that the bulk of the arguments that the Court raised at oral argument on its original Motion to Compel are actually resolved by Plaintiff's proposed First Amended Complaint. As Defendant concedes, Plaintiff's proposed First Amended Complaint "limit[s] recovery . . . to the type and amount available in small-claims court[.]" (Opposition Brief at 9.) As such, Plaintiff's First Amended Complaint resolves the issues raised by the Court at the hearing on Defendant's Motion to Compel regarding seeking "relief unavailable in small-claims court—namely unspecified damages and equitable relief, including an injunction and disgorgement of profits[.]" (*Id.*)

Defendant's remaining argument that Plaintiff's proposed First Amended Complaint is futile because it still pleads class allegations should be rejected for the same reasons stated in

Plaintiff's opposition to Defendant's Motion to Compel. (Dkt. 24.) As noted in Plaintiff's opposition brief, Defendant's EULA contains a separate carve out provision that "any Claim . . . that may be brought in small-claims court" is exempt from Defendant's arbitration and class waiver agreement. (EULA, Dkt. 18, at § 7(C)). Critically, § 7(C) of Defendant's EULA fails to specify how Plaintiff may plead his claims, or where they can be pled, but only that claims which "*may* be brought in small-claims court" (emphasis added) are wholly exempt from arbitration. Indeed, this is why Defendant's citation to *Reeners v. Verizon Commc'ns, Inc.*, No. 19-cv-06374, 2011 WL 2791262, at *2 (M.D. Tenn. July 14, 2011) is not only inapposite, but actually further supports Plaintiff's position. In *Reeners* the relevant language, unlike the language in § 7(C) of Defendant's EULA, read:

> Except for small claims court cases that qualify, any dispute that results from this agreement or from the Services you receive from us (or from any advertising for any products or Services) will be resolved by one or more neutral arbitrators before the American Arbitration Association . . . .

(*Reeners*, No. 19-cv-06374, Dkt. No. 11, at 3) (attached hereto as <u>Exhibit 1</u>). Thus, the language in *Reeners* specifically referenced "small claims court *cases*" rather than generally stating that claims which may qualify for small claims court are exempted from arbitration. While Plaintiff's proposed First Amended Complaint brings a "case" which may not be filed in small claims court, it does bring "claims" which can be filed in small claims court. In short, Defendant's exception specifically excludes a specific *type* of claims, without putting any limitation or further defining *how* those claims may be brought or alleged. Indeed, Defendant fails to cite to any authority that Plaintiff's class allegations somehow "convert" the type of claims that he is bringing or, are themselves a type of claim. Again, while Defendant may have specifically limited the scope of its exception, it failed to do so. As such, Plaintiff should be permitted to pursue his claims – which undoubtedly he could have brought in small claims court – on a class basis as alleged in

5

his proposed First Amended Complaint.

### C. Defendant Has Waived Its Venue Argument.

It is ironic that Defendant argues that Plaintiff was dilatory in filing his motion to amend and at the same time attempts to argue that venue in this district is improper. Courts in the Seventh Circuit consider motions to compel arbitration as motions brought pursuant to Fed. R. Civ. P. 12(b)(3). *See Nandorf, Inc. v. Applied Underwriters Captive Risk Assurance Co., Inc.*, 410 F. Supp. 3d 882, 887 (N.D. Ill. 2019) (collecting authorities); *HTG Capital Partners, LLC v. Doe*, No. 15-cv-02129, 2016 WL 612861, at *8 (N.D. Ill. Feb. 16, 2016) (noting that where a defendant seeks to compel arbitration in a different district than where a suit is pending "the correct relief is to dismiss the complaint for improper venue under Rule 12(b)(3)"). As such, Defendant was obligated to raise any arguments regarding improper venue in its original Motion to Dismiss. *Cheese Depot, Inc. v. Sirob Imports, Inc.*, No. 14-cv-1727, 2016 WL 6082352, at *2 (N.D. Ill. Oct. 18, 2016) (collecting authorities and stating that "Unlike some Rule 12(b) defenses, failing to include an available improper-venue defense in a Rule 12(b) motion waives that defense"). Nor does the fact that Defendant briefly raised it for the first time on reply offer any safety. *Savis, Inc. v. Cardenas*, No. 18-cv-6521, 2018 WL 5279311, at *6 (N.D. Ill. Oct. 24, 2018) ("Cardenas waived, for purposes of the present motion to dismiss, his challenge to the enforceability of the forum selection clause by making them for the first time in his reply").

However, to the extent that this Court finds that Defendant's venue argument is properly raised and appropriately before the Court, Plaintiff respectfully requests that the Court dismiss Plaintiff's suit without prejudice so that he may refile it in King County, Washington. *Hill v. Capital One Bank (USA), N.A.*, No. 14-cv-6236, 2015 WL 468878, at *9 (N.D. Ill. Feb. 3, 2015)

6

(dismissing without prejudice where defendant sought dismissal for lack of personal jurisdiction and improper venue); *Casteel v. Maryland Marine, Inc.*, No. 09-cv-0078-MJR, 2009 WL 972368, at *4 (S.D. Ill. Apr. 9, 2009) (same).

## III. CONCLUSION

For the reasons stated above, and in Plaintiff's Motion for Leave to File a First Amended Complaint, Plaintiff Zachary Vergara respectfully requests that this Court enter an Order (i) granting his Motion for Leave to File a First Amended Complaint; (ii) permitting him to file *instanter* the attached First Amended Complaint; and (iii) for whatever additional relief the Court deems reasonable and appropriate.

Dated: April 27, 2020

Respectfully submitted,

ZACHARY VERGARA, individually and on behalf of a class of similarly situated individuals

By: /s/ Eugene Y. Turin
   One of His Attorneys

Eugene Y. Turin
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Floor
Chicago, IL 60601
Tel: (312) 893-7002
eturin@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2020, I electronically filed the foregoing *Plaintiff's Reply Memorandum of Law in Further Support of Motion for Leave to File First Amended Complaint* with the Clerk of the Court using the CM/ECF system. A copy of said document will be electronically transmitted to all counsel of record.

By: */s/* Eugene Y. Turin